Betty J. MOSES, Appellant,

v.

FALSTAFF BREWING CORPORATION, a Delaware Corporation, Appellee.

No. 76–1607.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1977.

Decided March 7, 1977.

James P. Finnegan, Jr., St. Louis, Mo., for appellant.

Glenn L. Moller, St. Louis, Mo., on brief, for appellee.

Before LAY and WEBSTER, Circuit Judges, and TALBOT SMITH, Senior District Judge.[*]

PER CURIAM.

Betty J. Moses appeals from a judgment of the District Court[1] holding that her discharge from the Falstaff Brewing Corporation (Falstaff) was not unlawful under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. Mrs. Moses contends that she made a prima facie case of unlawful age discrimination by Falstaff and that Falstaff failed in its burden of proving that its actions were based on reasonable factors other than age. Upon a full review of the record in this case, we affirm.

Mrs. Moses was employed by Falstaff for twenty-two years, during all of which time she served as the secretary to Mr. Joseph Griesedieck. When Mrs. Moses first came to Falstaff, Mr. Griesedieck was the Assistant to the President. He later served as President and then as Chairman of the Board. At one time he held both positions simultaneously. In 1972, Mr. Griesedieck relinquished his position as President, but continued as Chairman of the Board. Finally, in 1973 he relinquished the office of Chairman of the Board and became Vice Chairman of the Board, an honorary position. In November of that year, Falstaff informed Mrs. Moses that the position of secretary to Mr. Griesedieck was being eliminated. At that time Mrs. Moses was 48 years of age.

She then instituted this action, alleging that she was unlawfully discharged because of her age and that prior to her discharge Falstaff had unlawfully discriminated against her because of her age, in violation of 29 U.S.C. § 623(a). The District Court ruled that Mrs. Moses had failed to give notice to the Secretary of Labor of her intent to file a private suit within 180 days of the alleged unlawful practice as required by the Act, 29 U.S.C. § 626(d), and it granted Falstaff's motion for summary judgment. This Court reversed, finding that Mrs. Moses had fully complied with the Act's notice requirement. The case was remanded for trial. *Moses v. Falstaff Brewing Corp.*, 525 F.2d 92 (8th Cir. 1975).

After trial to the court, the District Court found that Mrs. Moses' position was eliminated for sound business reasons. It found that it was Falstaff's policy that secretaries to executive officers remained as secretaries to those persons when the officers changed positions within the Falstaff organization, and that when an executive officer's job was eliminated, it was company policy to eliminate the job of secretary to that officer. It concluded she was discharged because of the termination of her position and not because of any discriminatory action by Falstaff. Concluding that Mrs. Moses "simply failed to state a cause of action," the District Court entered judgment for Falstaff. This appeal followed.

As in other discrimination cases, the plaintiff in an age discrimination case is required to make a prima facie case of unlawful discrimination; at that point the burden of proof shifts to the defendant to justify the existence of any disparities. *Hodgson v. First Federal Savings & Loan Ass'n*, 455 F.2d 818, 822 (5th Cir. 1972). While the proof required for a prima facie case of discrimination will vary depending upon the specific factual situation,[2] see *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 n. 13, 93 S.Ct. 1817, 36 L.Ed.2d 668

---

[*] Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. The Honorable H. Kenneth Wangelin, United States District Court for the Eastern District of Missouri.

2. For a discussion of the different requirements courts have imposed upon plaintiffs for establishing prima facie cases of age discrimination see Note, The Age Discrimination in Employment Act of 1967, 90 Harv.L.Rev. 380, 388–99 (1976); Age Discrimination in Employment: Available Federal Relief, 11 Colum.J.L. & Soc. Prob. 281, 308–12 (1975); Note, Proving Discrimination Under the Age Discrimination in Employment Act, 17 Ariz.L.Rev. 495, 504–08 (1975).

(1973), we find nothing in the record of this case to indicate that Mrs. Moses' age was a factor in the decision to terminate her.[3] There is no evidence that she was replaced by a younger person, *cf. Wilson v. Sealtest Foods Div.,* 501 F.2d 84 (5th Cir. 1974); there is no statistical evidence showing a pattern or practice of age discrimination by Falstaff, *cf. Hodgson v. First Federal Savings & Loan Ass'n, supra,* 455 F.2d at 822–23; and there is no evidence that any Falstaff representative made any statement indicating that age was a factor in the decision to terminate Mrs. Moses. *Cf. Hodgson v. Sugar Cane Growers Coop.,* 5 EPD ¶ 8618 (S.D.Fla.1973). We conclude that the District Court's findings are not clearly erroneous, and affirm the judgment below.[4]

---

3. The basis of Mrs. Moses' claim seems to be that she was more competent than younger women who were retained when she was discharged. Older women were likewise retained. This does not add up to a prima facie case. *See Wilson v. Sealtest Foods Div.,* 501 F.2d 84, 86 n. 2 (5th Cir. 1974).

4. Falstaff has requested that we award it $5,000 in attorney's fees. *See* Fed.R.App.P. 38. While this appeal borders on the frivolous, the District Court made no finding of bad faith; in the exercise of our discretion, we deny the appellee attorney's fees on appeal.