Francis Howard CURRIER,
Plaintiff-Appellant,

v.

BELL HELICOPTER TEXTRON,
DIVISION OF TEXTRON, INC.,
Defendant-Appellee.

No. 77–2814
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 16, 1978.

James L. Kent, Ernest May, Fort Worth, Tex., for plaintiff-appellant.

Beale Dean, Stephen C. Howell, Fort Worth, Tex., for defendant-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Francis Howard Currier (Currier) brought this action pursuant to the Federal Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. contending that he was forced to retire at age 56 in violation of the terms of defendant Bell's own retirement plan calling for retirement at age 65. After a hearing the district court dismissed the complaint for failure to state a claim and granted summary judgment in favor of Bell. Currier appeals from this judgment.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

On this appeal Currier contends that the court erred in ruling: (1) that Currier's complaint failed to state a claim, and (2) that Currier failed to show that his age was the cause of any discrimination towards him.

Currier's 1952 employment application to Bell asserts that appellant was born in Whiting, Oklahoma, Indian Territory on August 26, 1910. He signed the application form in the name of Francis *Peter* Currier. Other documents in Bell's records indicating that the appellant was born on August 26, 1910, include: (1) A letter dated December 17, 1953, signed by appellant to the Bureau of Census; (2) Currier's employee's record card; and (3) Currier's group insurance enrollment card.

Currier remained in defendant's employment from September 2, 1952, through August 29, 1975, and all of the defendant company's records reflected his name as Francis Peter Currier and his date of birth as August 26, 1910. In addition, each year Bell sent Currier a card reflecting the same date of birth, August 26, 1910, with instructions to advise the company if the figures were inaccurate, but Currier never read these. In August 1975, when notified that he would shortly be retired, Currier advised Bell that he was not yet sixty-five and did not want to be retired.

In response to these new assertions, Bell reviewed Currier's employment file and again determined that he would be 65 on August 26, 1975. On August 28, 1975, Currier executed an application for pension which gave his date of birth as August 26, 1910 and thereafter received and accepted retirement benefits in the amount of $1,300. He continued, however, to seek substantiation for a later birth date and, on October 23, 1975, presented to his employer a new birth certificate. This indicated that he was one Frances *Howard* Currier, born on August 26, 1919, in Whiting, Vermont, rather than Francis Peter Currier, born in Oklahoma on August 26, 1910. Faced with this new document, defendant requested additional corroboration and, upon receiving additional information in March 1976 from the Vermont Orphanage in which appellant was reared, reinstated the defendant. Although Currier received retirement benefits, he lost a net $9,000 in the difference between his salary and the retirement benefits.

■ First of all, Currier's contention that the trial court erred in failing to find that Bell acted arbitrarily in mandatorily retiring Currier is refuted by the record. When made, Bell's determination that appellant's birth date was August 26, 1910, was supported by substantial—indeed overwhelming—evidence. Although the evidence, as it assembled during Currier's "retirement," became contradictory, the defendant cannot be held to have acted arbitrarily in selecting the date that Currier himself represented for over 20 years as the proper date in making presentations to the Bureau of the Census and applying to participate in group insurance coverage and in a staff pension plan. *See Kincaid v. Steelworkers,* D.C. N.D., Ind., 1972, 5 E.P.D. 8462. The defendant acted in good faith and in compliance with a bona fide retirement plan; that is, while there *is* evidence of different birth dates, this is no evidence that Bell acted arbitrarily, and if it be not there is no other.

■ Consequently, the trial court was correct in finding that appellant had not violated any provision of the Age Discrimination Act. Under that Act it is not unlawful for an employer to observe the terms of a bona fide employee benefit plan such as a retirement plan. *See* 29 U.S.C. § 623(f)(2), *Brennan v. Taft Broadcasting Company,* 500 F.2d 212 (5th Cir. 1974). Currier has failed to make a fact issue on arbitrary action or unlawful discrimination. The confusion about his birth dates was of his own making, and it is plain beyond peradventure that Bell acted reasonably both in retiring Currier on the basis of the birth certificate originally furnished by him (which disposes of this case) and in reinstating him when the new certificate was procured and corroborated by him. *See Moses v. Falstaff Brewing Corporation,* 550 F.2d 1113 (8th Cir. 1977). We affirm the judgment below.

AFFIRMED.