Charles BASSETT, Plaintiff,

v.

STERLING DRUG, INC., et al., Defendants.

No. C–1–83–41.

United States District Court,
S.D. Ohio, W.D.

Jan. 20, 1984.

Paul H. Tobias, Cincinnati, Ohio, for plaintiff.

J. Alan Lips, Cincinnati, Ohio, for defendants.

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

SPIEGEL, District Judge.

This matter is before the Court for consideration of defendants' motion for summary judgment (doc. 18), plaintiff's memorandum in opposition (doc. 23), defendants' reply memorandum (doc. 24), and plaintiff's affidavit in opposition (doc. 18). Originally, plaintiff proceeded on a variety of state claims in addition to his claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634. Because we previously dismissed these state claims (doc. 11), we now address only the age discrimination claim.

■ The defendants advance three theories in support of their motion: (1) that plaintiff's ADEA claim must be dismissed for failure to fulfill all conditions precedent to suit; (2) that plaintiff's ADEA claim is barred by plaintiff's failure to timely file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC); and (3) that plaintiff's ADEA claim cannot succeed on the merits. We conclude that plaintiff's claim is barred by his failure to timely file a charge of discrimination with the EEOC. Therefore, we find it unnecessary to address the merits of plaintiff's claim.

The plaintiff, Charles Bassett, was discharged from employment on August 28, 1981, when he was fifty-six years of age. Mr. Bassett met with his present counsel in September of 1981, but pursued no further legal action until August 24, 1982 when he filed a charge of discrimination with the EEOC, 361 days after his termination. Thereafter, plaintiff commenced this action on January 4, 1983.

The filing requirement in the ADEA provides that:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Commission. Such a charge shall be filed—
> (1) within 180 days after the alleged unlawful practice occurred; or
> (2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

29 U.S.C. § 626(d). The defendants agree that Ohio is a deferral state, and that the 300 day period is applicable. Nevertheless, defendants insist that plaintiff's age discrimination claim must be dismissed because no charge was filed with the EEOC until 361 days after the alleged unlawful practice occurred. Plaintiff resists dismissal by arguing that the filing period is in the nature of a statute of limitations and is subject to equitable tolling. Furthermore, plaintiff contends that he was mentally incompetent for 129 days during the interim between his discharge and his filing with the EEOC, and that the filing period should have tolled for 129 days. If plaintiff's theory of equitable tolling in this context is correct, this would render the EEOC charge timely filed.

■ The Sixth Circuit held, in *Wright v. State of Tennessee*, 628 F.2d 949 (6th Cir. 1980) (en banc), that the filing requirements embodied in § 626(d) of the ADEA are not jurisdictional prerequisites. Being more in the nature of a statute of limitations, these filing periods are subject to equitable tolling. This view is consistent with views of other Circuits that have considered the issue. *See Coke v. General Adjustment Bureau*, 616 F.2d 785 (5th Cir. 1980), *aff'd on rehearing en banc*, 640 F.2d 584 (5th Cir.1981); *Nielsen v. Western*

**1246**

*Electric Co.,* 603 F.2d 741 (8th Cir.1979); *Kephart v. Institute of Gas Technology,* 581 F.2d 1287 (7th Cir.1978), *cert. denied,* 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981); *Bonham v. Dresser Industries, Inc.,* 569 F.2d 187, 192–93 (3d Cir.1977), *cert. denied,* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978); *Dartt v. Shell Oil Co.,* 539 F.2d 1256 (10th Cir.1976), *aff'd by equally divided court,* 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977), *reh'g denied,* 434 U.S. 1042, 98 S.Ct. 785, 54 L.Ed.2d 792 (1978). However, the instant case does not permit of easy application of this principle. The case law in this area deals with situations where the plaintiff's ignorance led to the failure to timely file. We are aware of no cases entertaining the issue of whether mental incompetence tolls the filing period. We therefore, direct our attentions to addressing this novel issue.

Defendants seek to arrest our analysis of this issue by contending that equitable tolling is inappropriate where plaintiff has consulted with or retained an attorney unless failure to file is due to attorney error. We are aware of cases that so hold. *See e.g., Keys v. California Texas Oil Corp.,* 590 F.2d 45 (2d Cir.1978); *Volk v. Multi-Media, Inc.,* 516 F.Supp. 157 (S.D.Ohio 1981). Nevertheless, we are not persuaded that the reasoning undergirding these decisions is adequate support for application of that general principle in this case. Consultation with an attorney is reasonably likely to erase the plaintiff's ignorance. Contrariwise, whatever be the powers of a lawyer, most would agree that legal consultation cannot cure or even ward off mental incompetence. This is a distinction sufficient to render those cases inapposite. Hence, we proceed with our inquiry.

■ We next encounter the argument that mental incompetence does not toll federal statutes of limitation. There is a line of authority supporting this general proposition. *See DeArnaud v. United States,* 151 U.S. 483, 14 S.Ct. 374, 38 L.Ed. 244

(1894); *Casias v. United States,* 532 F.2d 1339 (10th Cir.1976); *Accardi v. United States,* 435 F.2d 1239, 1241 n. 2 (3d Cir. 1970); *Williams v. United States,* 228 F.2d 129 (4th Cir.1955), *cert. denied,* 351 U.S. 986, 76 S.Ct. 1054, 100 L.Ed. 1499, *reh'g denied,* 352 U.S. 860, 77 S.Ct. 26, 1 L.Ed.2d 71 (1956); *O'Hara v. Kovens,* 473 F.Supp. 1161, 1167 (D.Md.1979), *aff'd,* 625 F.2d 15 (4th Cir.1980), *cert. denied,* 449 U.S. 1124, 101 S.Ct. 939, 67 L.Ed.2d 109 (1981); *Jackson v. United States,* 234 F.Supp. 586, 587 (E.D.S.C.1964). Impressive as this string of citations may seem, the weight of authority is never defined solely in terms of quantity. It is noteworthy that, with the exception of one case,[1] these cases involve claims against the United States. In fact, the issue is most often encountered in cases dealing with claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680. Because we conclude that the FTCA and the ADEA were enacted to advance different policies, we conclude that these cases are not dispositive of the question of whether the filing period under the ADEA is tolled by mental incompetence.

■ The FTCA like other legislation permitting claims against the United States Government, is a partial abrogation of sovereign immunity. As is often recited, such waivers of sovereign immunity are to be strictly construed and the terms thereof strictly complied with. *See generally,* 1 L. Jayson, *Handling Federal Tort Claims,* § 51 at 2–4 (1983) and cases cited therein. A strict construction of the FTCA's statute of limitations, 28 U.S.C. § 2401(b) produces the reasoning that § 2401(b) preempts state tolling principles, and because § 2401(b) contains no provisions for tolling, equitable tolling principles are inapplicable in FTCA suits. *See generally,* 2 L. Jayson, *Handling Federal Tort Claims,* §§ 279.01, 279.03.

■ In vivid contrast, "[t]he ADEA is remedial and humanitarian legislation and

---

**1.** *O'Hara v. Kovens,* 473 F.Supp. 1161, dealt with securities fraud under Rule 10b–5. There, the Court held, without significant discussion, that, under federal equitable tolling principles, mental incompetence does not toll the statute of limitations in such actions.

should be liberally interpreted to effectuate the congressional purpose of ending age discrimination in employment." *Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir.1976) (citing *Moses v. Falstaff Brewing Co.*, 525 F.2d 92, 94 (8th Cir.1975) *aff'd*, 550 F.2d 1113 (8th Cir.1977)). As we are of the mind that this distinction is significant, we decline to apply without further analysis, the federal equitable tolling principle that has been developed primarily in cases involving claims against the United States to a claim arising under the ADEA.

In determining whether mental incompetence should toll the filing period under the ADEA it is helpful to examine what circumstances do justify tolling the filing period. In a recent case in this District, *Moon v. Aeronca, Inc.*, 541 F.Supp. 747 (S.D.Ohio 1982), the Court applied the five factors articulated in *Abbott v. Moore Business Forms, Inc.*, 439 F.Supp. 643 (D.N.H.1977) as suggested by the Sixth Circuit in *Wright v. State of Tennessee*, 628 F.2d 949, 953 (6th Cir.1980) (en banc). These factors are:

1. lack of actual notice of the filing requirements;
2. lack of constructive knowledge;
3. diligence in pursuing one's rights;
4. absence of prejudice to the defendant; and
5. plaintiff's reasonableness in remaining ignorant of the filing requirement.

*Moon*, 541 F.Supp. at 751 (quoting *Abbott*, 439 F.Supp. at 646). Moreover, leading scholars in this area agree, in essence, that tolling is appropriate where the plaintiff remains ignorant of the filing requirement, and the plaintiff's ignorance is due to misconduct by the employer or other circumstances where the diligence of the plaintiff cannot be questioned. *See generally*, B. Schlei & P. Grossman, *Employment Discrimination Law*, 491–92 (2d Ed.1983). Thus, it is generally accepted that, under the appropriate equitable circumstances, the plaintiff's ignorance will toll the filing period under the ADEA.

■ Viewing the ADEA in its proper light as humanitarian, remedial legislation we find it difficult to escape the conclusion that mental incompetence is an even more compelling reason to toll the filing period than is plaintiff's ignorance. Common sense dictates that individuals have a greater capacity to overcome ignorance of matters of public record than to overcome the problems associated with mental illness. Furthermore, ignorance of the filing requirement can be surmounted almost instantaneously, while mental incompetence is often conquered only through a comparatively slow, recuperative process.

Therefore, we hold that, in a suit between private parties brought under the ADEA, mental incompetence will toll the period for filing a charge with the EEOC when the surrounding circumstances indicate that equitable tolling is appropriate. We now devote our energies towards determining what circumstances indicate the appropriateness of equitable tolling, and towards the application of these principles to the facts of this case.

In developing guidelines for determining when the equities demand that mental incompetence should toll the ADEA filing period, it is clear that we are in the area of interstitial federal common law. Implicit in Judge Bownes' decision in *Abbott v. Moore Business Forms, Inc.*, 439 F.Supp. 643 (D.N.H.1977) is the notion of the necessity of developing guidelines to assist in determining how the ADEA filing period should be calculated. In fashioning similar guidelines, we contemplate the following sources suggested by leading writers:

1. existing federal common law;
2. generally recognized common law principles of the subject matter area involved;
3. considerations of what rule is best designed to implement a federal policy or statute;
4. considerations of equity or convenience; and
5. state law.

*See* 19 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 4514 at 262–63 (1982) and cases cited therein.

Earlier in this opinion, we set forth our views of how existing federal common law concerning statutes of limitation and mental incompetence does not adequately address the issues here involved. Therefore, we look to other sources to satisfy our inquiry.

■■■■ As a general rule of common law, a subsequent disability will not toll a statute of limitations that has already commenced to run. Annot. 41 A.L.R.2d 726 (1955); 34 Am.Jur.2d, *Limitations of Actions*, § 144 (1970). Defendants argue for the application of this principle in this case. However, we conclude that the application of this principle would not serve the goals of the ADEA. To hold that tolling is appropriate only when mental incompetence exists at the time the ADEA cause of action accrues would be to substantially undercut the merits of an ADEA claim by strongly suggesting that there existed a valid reason for discharging the claimant. We think that the aims of the ADEA require us to reject this illogical result.

More appropriate is the standard set forth in Ohio Rev.Code § 2305.16. That section provides in pertinent part as follows:

> After the cause of action accrues, if the person entitled to bring such action becomes of unsound mind and is adjudicated as such by a court of competent jurisdiction or is confined in an institution or hospital under a diagnosed condition or disease which renders him of unsound mind, the time during which he is of unsound mind and so adjudicated or so confined shall not be computed as any part of the period within which the action must be brought.

Ohio Rev.Code § 2305.16 (Page 1981). We borrow this principle primarily because it embodies an objective standard which is fair to all parties concerned. First, the plaintiff is extended the grace appropriate under the ADEA. Second, the time during which the filing period will be tolled is measured by the objective standard of adjudication or institutionalization. This protects defendants against specious allegations of mental incompetence advanced in desperate efforts to save time-barred claims. Thus, the objective standard permits of fair and convenient application.

We add one qualification to this standard in the interests of fairness and equity. We think that the Court should retain the discretion to disallow tolling where the circumstances indicate that tolling is inappropriate. Quite candidly, we anticipate a possible abuse of a completely objective standard which would toll the filing period automatically upon the hospitalization of the claimant. With this qualification, the standard provides clear direction without becoming a mere formality.

We therefore hold that, as a matter of federal law, in an ADEA suit between private parties, the period for filing a charge with the Equal Employment Opportunity Commission may be tolled, in the discretion of the Court, for that period of time during which the claimant was adjudicated mentally incompetent or institutionalized under a diagnosis of mental incompetence.

The application of this standard to the case at bar requires us to grant the defendants' motion for dismissal. The plaintiff was discharged on August 28, 1981. He was diagnosed as mentally incompetent as early as March 1, 1982, but was not hospitalized until June 13, 1982, approximately 17 days before the 300 day filing period would have run. The record reflects that the plaintiff was released from the hospital on July 9, 1982. From that date the filing period resumed running, and expired long before the plaintiff filed this action on August 24, 1982. Therefore, plaintiff has failed to follow all prerequisites to suit by failing to timely file a charge with the EEOC. Since the defendants have objected to this failure, we conclude that plaintiff's ADEA claim is time-barred and must therefore be dismissed.

SO ORDERED.