## Susan H. STEWARD

v.

## HOLIDAY INN (SIC), INC.

### Civ. A. No. 85–264.

United States District Court,
E.D. Louisiana.

May 29, 1985.

Joseph W. Thomas, New Orleans, La., for plaintiff.

George W. Loveland, II, Memphis, Tenn., for defendant.

ROBERT F. COLLINS, District Judge.

This matter is before the Court on motion of defendant, Holiday Inns, for summary judgment. Wherefore, after a careful consideration of the arguments of counsel, the submitted memoranda, and the applicable law, the Court hereby GRANTS defendant's motion for summary judgment.

Holiday Inns fired plaintiff while she was hospitalized on February 17, 1984. Plaintiff alleges Title VII sex discrimination. 42 U.S.C. § 2000e–5(e) requires that charges be filed with the Equal Employment Opportunity Commission (EEOC) "within one hundred and eighty days after the alleged unlawful employment practice occurred." Plaintiff did not file a Charge of Discrimination with the EEOC until September 13, 1984, 209 days after her discharge.

Plaintiff seeks to invoke the equitable doctrine of tolling in order to defeat summary judgment. Plaintiff alleges that she was physically and mentally incapacitated from January 29, 1984 to March 17, 1984, and that this incapacitation should toll the 180–day filing period. If the March 17th date is accepted and the equitable doctrine of tolling is determined to apply to cases of alleged physical and mental incapacitation, her filing would be deemed to be timely, albeit on the 180th day.

A factual problem arises with respect to the dates of her incapacitation. In her discrimination charge filed with the EEOC,

plaintiff claimed her incapacitation ended March 15, 1984. If the March 15th date is accepted, her filing would be deemed to be tardy (182 days), even if the equitable doctrine of tolling is applied. The March 15th date appears on plaintiff's Charge of Discrimination filed with the EEOC. Defendant argues this is the proper date.

The Court accepts the March 17th date now proposed by the plaintiff because disputed facts are viewed in a light most favorable to the non-moving party. Although plaintiff initially claimed her incapacity ended on March 15th, the Court accepts the March 17th date found in her affidavit.

There are no cases to date applying the doctrine of equitable tolling to cases of physical or mental incapacity.

In *Chappell v. Emco Machine Works Co.*, 601 F.2d 1295 (5th Cir.1979), the Fifth Circuit described three types of cases in which equity would "toll" the running of the time period. They were: (1) where plaintiff filed his/her lawsuit in a state court which had subject matter jurisdiction but which was the wrong forum under state law; (2) where plaintiff was not aware of facts giving rise to his/her claim; and (3) where the EEOC misled plaintiff regarding his/her rights under Title VII.

The *Chappell* court found that the facts of the case did not fit into any of the three categories. It dismissed Chappel's suit for failure to file within 180 days. The court declined to extend the tolling principle any further. The Fifth Circuit noted that the plaintiff "could easily have discovered whether her complaint was filed merely by writing or phoning the EEOC office." 601 F.2d at 1303.

Like *Chappell*, the instant case does not fit into any of the three traditional categories. Physical and/or mental incapacitation should not become a fourth category tolling the filing period. Susan Steward, like Ms. Chappel, "could easily have discovered whether her Complaint was filed merely by writing or phoning the EEOC office."

 Accordingly, this Court rules as a matter of law that the 180–day period to file a discrimination charge pursuant to 42 U.S.C. § 2000e–5(e) is not tolled by a period of alleged physical and/or mental incapacity. This ruling is supported by the Fifth Circuit pronouncement in *Chappell*. Plaintiff cites no cases where the equitable tolling doctrine has been invoked by reason of physical or mental incapacity.

This ruling is consistent with the EEOC's dismissal. The EEOC, with full knowledge of plaintiff's physical incapacity and request for equitable tolling, dismissed plaintiff's Charge of Discrimination because it was not filed within 180 days of the alleged discrimination.

Wherefore, the motion of Holiday Inns for Summary Judgment is hereby GRANTED.