Homero LOPEZ, et al.,
Plaintiffs, Appellants,

v.

CITIBANK, N.A., et al.,
Defendants, Appellees.

No. 86–1292.

United States Court of Appeals,
First Circuit.

Argued Oct. 9, 1986.

Decided Jan. 12, 1987.

Luis F. Padilla, Hato Rey, P.R., with whom Manuel Navas Pavia, Santurce, P.R., was on brief, for appellants.

Jay A. Garcia-Gregory with whom Jose A. Silva-Cofresi, Fiddler, Gonzalez & Rodriguez and Roberto Buso-Aboy, San Juan, P.R., were on brief, for appellees.

Before CAMPBELL, Chief Judge, COFFIN and BREYER, Circuit Judges.

BREYER, Circuit Judge.

The question raised in this appeal is whether mental incapacity tolls the statute of limitations in an employment discrimination suit. The district court dismissed appellant's 'nationality discrimination' claim, 42 U.S.C. § 2000e–2(a), because the appellant filed it eighteen months after being given notice that the Equal Employment Opportunity Commission had dismissed his charge. The relevant statute of limitations had expired fifteen months earlier. 42 U.S.C. § 2000e–5(f)(1). Appellant notes that the limitations statute, which is nonjurisdictional, may be tolled for "equitable considerations." *Rice v. New England College*, 676 F.2d 9, 10 (1st Cir.1982); *see also Zipes v. Trans World Airlines*, 455 U.S. 385, 392–98, 102 S.Ct. 1127, 1131–35, 71 L.Ed.2d 234 (1982) (holding that timely filing of an EEOC charge is not a jurisdictional prerequisite to a Title VII suit). He adds (in the form of doctors' affidavits) that he was mentally incapacitated during much or all of the relevant eighteen-month period. He argues that the district court should have tolled the statute for this reason. After examining the evidence offered by appellant to the district court, and noting that appellant was represented by counsel during a significant portion of the relevant time period, we conclude that the court properly refused to toll the statute.

■ We first conclude that there is no absolute rule that would require tolling whenever there is mental disability. The federal courts "have taken a uniformly narrow view of equitable exceptions to Title VII limitations periods." *Earnhardt v. Puerto Rico*, 691 F.2d 69, 71 (1st Cir.1982); *see Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (" 'Strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.' " (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 552 (1980))). Indeed, a long line of federal cases explicitly holds that mental disability, even rising to the level of insanity, simply does not toll a federal statute of limitations. *See Accardi v. United States*, 435 F.2d 1239, 1241 n. 2 (3d Cir.1970); *O'Hara v. Kovens*, 473 F.Supp. 1161, 1167 (D.Md.1979); *Jackson v. United States*, 234 F.Supp. 586, 587 (E.D.S.C.1964); *cf. Casias v. United States*, 532 F.2d 1339, 1342 (10th Cir.1976) (holding that insanity does not toll the statute of limitations under the Federal Tort Claims Act); *Williams v. United States*, 228 F.2d 129, 132 (4th Cir.1955) (same regarding Suits in Admiralty Act). We do not find these cases directly controlling here, for (with one exception) they involve claims against

the federal government, where considerations of sovereign immunity argue for particular stringency. *See Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957) ("[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied."); *Swietlik v. United States,* 779 F.2d 1306, 1311 (7th Cir.1985) ("The grounds for tolling statutes of limitations are more limited in suits against the government than in ordinary private litigation."); *Kreiger v. United States,* 539 F.2d 317, 320–21 (3d Cir.1976) (similar); *Carter v. Heckler,* 588 F.Supp. 87, 90 (N.D.Ill.1984) (similar); *Bassett v. Sterling Drug, Inc.,* 578 F.Supp. 1244, 1246–47 (S.D.Ohio 1984) (similar), *appeal dismissed,* 770 F.2d 165 (6th Cir.1985). *But see O'Hara v. Kovens,* 473 F.Supp. at 1167 (holding that insanity does not toll an action against a *private* party, but relying on the case precedent cited above). And, an even longer line of common law authority finds, in insanity, a ground for tolling a limitations period. *See Developments in the Law—Statutes of Limitations,* 63 Harv.L.Rev. 1177, 1229 (1950) ("Since the English act of 1623, statutes of limitations generally have excepted from their operation plaintiffs who are subject to ... insanity...."). Nonetheless, these cases, taken together with the Supreme Court's admonition in *Baldwin County Welcome Center v. Brown* against broadening equitable tolling in Title VII cases, 466 U.S. at 151–52, 104 S.Ct. at 1725–26, counsel against an *absolute* rule of tolling on insanity grounds. Rather, at the least, they argue for a more case-specific analysis. And, they suggest that in the federal courts the policy of repose weighs somewhat more heavily than in state courts against the various equitable factors that may, in an individual case, argue for an exemption.

▮ Without an absolute rule in his favor, appellant cannot prevail here. Appellant was represented by counsel during his period of illness, and counsel pursued appellant's discrimination claim before the EEOC. It thus seems unlikely that appellant's illness deprived his counsel of the knowledge or consent needed to file a court complaint; it is more likely that counsel knew plaintiff wished to pursue his legal remedies and knew (or should have known) about the relevant limitations period. And, appellant has alleged no specific facts that would show the contrary. In such circumstances, we believe a federal court should assume that the mental illness was not of a sort that makes it equitable to toll the statute—at least absent a strong reason for believing the contrary. *Cf. Bassett v. Sterling Drug, Inc.,* 578 F.Supp. at 1248 (holding that mental incompetence may toll an Age Discrimination in Employment Act statute of limitations only in rare circumstances). In sum, assuming for the sake of argument that mental illness might sometimes toll the statute of limitations, we find that it cannot do so where a plaintiff has presented no strong reason why, despite the assistance of counsel, he was unable to bring suit.

Appellant also argues that the defendant in this case *caused* his mental difficulties. In these circumstances, several courts have allowed tolling despite the general rule against tolling for mental disability. *See Clifford v. United States,* 738 F.2d 977, 980 (8th Cir.1984) (tolling statute where alleged malpractice caused coma); *Zeidler v. United States,* 601 F.2d 527, 531 (10th Cir.1979) (similar); *Dundon v. United States,* 559 F.Supp. 469, 474–75 (E.D.N.Y. 1983) (similar); *cf. Leite v. Kennecott Copper Corp.,* 558 F.Supp. 1170, 1172 (D.Mass.) (distinguishing equitable estoppel, which arises when defendant's acts caused plaintiff's delay in filing suit, from ordinary equitable tolling), *aff'd,* 720 F.2d 658 (1st Cir.1983). In each of these cases, however, the mental problems in turn prevented the plaintiff from bringing suit. Since in this case plaintiff was represented by counsel, who was apparently capable of pursuing the claim in his behalf during the relevant time period, these cases are not on point.

For these reasons the judgment of the district court is

*Affirmed.*