**Betty Ann MOODY, Plaintiff,**

v.

**BAYLINER MARINE CORPORATION, Defendant.**

**No. 87–14–CIV–4.**

United States District Court, E.D. North Carolina, New Bern Division.

July 13, 1987.

---

David P. Voerman, David P. Voerman, PA, New Bern, N.C., for plaintiffs.

## ORDER

BRITT, Chief Judge.

The question presented in this action is whether plaintiff's alleged mental incapacity tolls the statute of limitations in this employment discrimination suit.

### FACTS AND PROCEEDINGS

Plaintiff, Betty Ann Moody, brought this action on 6 February 1987 pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. 2000e *et seq.*, charging her former employer, Bayliner Marine Corporation, with sexual harassment and discrimination. Moody began her employment with Bayliner in October 1984 and continued in that employment until her termination on 3 February 1986. Plaintiff contends that she was sexually harassed, degraded, humiliated and intimidated by Ralph Lilly, her immediate supervisor, and had sought assistance from appropriate personnel to end the discriminatory practices. She further alleges that she was terminated by Lilly because she refused to respond to his sexual advances. Plaintiff filed a claim on 26 September 1986 with the Equal Employment Opportunity Commission (EEOC), more than seven months after her termination, and she received a right-to-sue letter on 9 November 1986.

Defendant responded to the complaint with a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) alleging that her charge of employment discrimination with the EEOC was untimely filed. Title 42 U.S.C. § 2000e–5(e) provides that a charge of employment discrimination must be filed with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C.A. § 2000e–5(e) (West 1981). Plaintiff admits in her complaint that her EEOC claim was not filed within the required 180 days but alleges that equitable principles should be applied to toll the filing period. Defendant responds that the provision is a jurisdictional prerequisite to suit not subject to equitable tolling or, in the alternative, should the court rule that the filing requirement is subject to equitable tolling principles, the

circumstances of this case do not justify such relief.

Plaintiff seeks to toll the filing period because she allegedly suffered from a mental incapacity which prevented her from pursuing her claim pursuant to the statute. In support of her claim she filed the affidavit of her physician and psychiatrist, Dr. Ellis F. Muther. Thereafter, the court allowed defendant's unopposed motion to depose Dr. Muther in order to discover the basis of the opinions expressed in his affidavit. That deposition was subsequently submitted to the court along with other affidavits and supplemental memoranda on the 12(b)(6) motion. Since evidence outside the pleadings has been submitted in support of the 12(b)(6) motion, the motion shall be treated as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Fed.R.Civ.P. 12(b).

As a preliminary matter, the court notes that defendant has moved to strike the supplemental memorandum filed by plaintiff in opposition to the motion to dismiss as untimely filed. Upon full consideration the motion is denied.

## ANALYSIS

Plaintiff contends that the limitation statute found in 2000e–5(e) may be tolled for equitable considerations, including mental disability. Defendant contends that the provision is a jurisdictional prerequisite to suit in the federal courts and is not subject to tolling on grounds of equity. However, the Supreme Court has rejected defendant's argument. In *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Court held that filing a timely charge with the EEOC was not a jurisdictional prerequisite to suit in federal court but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling. The Court reasoned that this interpretation was consistent with the remedial purposes of Title VII and congressional policy underlying the statute. 455 U.S. at 398.

Most circuits, including the Fourth, have recognized that equitable tolling and equitable estoppel are principles applicable to toll the 180–day limitations period. *See, e.g., Felty v. Graves Humphreys Co.*, 785 F.2d 516 (4th Cir.1986); *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429 (D.C.Cir. 1976), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978); *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir.1975); *Naton v. California*, 649 F.2d 691 (9th Cir.1981). Equitable tolling focuses on the plaintiff's excusable ignorance of the employer's discriminatory actions while equitable estoppel addresses the extent to which plaintiff has been induced to refrain from exercising her rights by the employer. *Felty*, 785 F.2d at 519. Neither of these principles as recognized by the Fourth Circuit are applicable to this action nor are they alleged to be applicable.

Federal common law has long recognized insanity as grounds for tolling limitations periods with the exception of claims against the federal government where sovereign immunity requires more stringency. *Lopez v. Citibank, N.A.*, 808 F.2d 905 (1st Cir.1987); *Developments in the Law-Statutes of Limitations*, 63 Harv.L.Rev. 1177 (1950). However, few federal courts have addressed whether mental disability should toll the EEOC filing requirements in Title VII cases, but courts "have taken a uniformly narrow view of equitable exceptions to Title VII limitations." *Earnhardt v. Puerto Rico*, 691 F.2d 69, 71 (1st Cir.1982). The Supreme Court has admonished against broadening equitable modification of Title VII limitations periods. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). Nonetheless, some federal courts have adopted narrow rules allowing for equitable tolling for mental incompetency.

In *Lopez v. Citibank, N.A.*, 808 F.2d 905 (1st Cir.1987), the First Circuit recognized that mental incapacity could operate to toll the filing period but refused to adopt an absolute rule of tolling on these grounds. In that case plaintiff was suffering from mental illness during the filing period but was represented by counsel during this period. The court held that, while mental incapacity could operate to toll the statute of limitations in certain circumstances, toll-

ing was not warranted by the facts in the case. "In sum, assuming for the sake of argument that mental incompetence might sometimes toll the statute of limitations, we find that it cannot do so where a plaintiff has presented no strong reason why, despite the assistance of counsel, he was unable to bring suit." *Lopez,* 808 F.2d at 907.

In *Bassett v. Sterling Drug, Inc.,* 578 F.Supp. 1244 (S.D.Ohio 1984), *appeal dismissed,* 770 F.2d 165 (6th Cir.1985), the Southern District of Ohio adopted an even narrower rule concerning the tolling of a statute of limitations in an ADEA claim on the grounds of mental incapacity. The court recognized that such an exception would be ripe for abuse and, therefore, adopted a wholly objective standard for determining mental disability. In order to toll the statute of limitations, the court held that the plaintiff must be adjudicated to be mentally incompetent by a court of competent jurisdiction or be institutionalized during the filing period under a diagnosed condition or disability which rendered him of unsound mind. The court reserved the right to deny tolling even where plaintiff had been institutionalized to guard against abuse. 578 F.Supp. at 1248.

In *Barnell v. Paine Weber Jackson & Curtis, Inc.,* 614 F.Supp. 373 (S.D.N.Y. 1985), the District Court for the Southern District of New York also recognized that a mental disability might toll application of the statute of limitations in a Title VII suit. The court did not decide the ultimate issue in that opinion but found that a genuine issue of material fact remained regarding plaintiff's mental capacity during the filing period. 614 F.Supp. at 377.

At least one federal court has ruled that mental disability will not toll the statute of limitations filing period in Title VII suits. In *Steward v. Holiday Inn (sic), Inc.,* 609 F.Supp. 1468 (E.D.La.1985), the Eastern District of Louisiana held that the Fifth Circuit had recognized only three circumstances to allow for equitable tolling in Title VII suits: "(1) where plaintiff filed his/her lawsuit in a state court which had subject matter jurisdiction but which was the wrong forum under state law; (2) where a plaintiff was not aware of facts giving rise to his/her claim; and (3) where the EEOC misled plaintiff regarding his/her rights under Title VII." 609 F.Supp. at 1469. The court refused to extend the doctrine of equitable tolling to cases of mental and physical incapacity.

■ The court feels that the better-reasoned view is to recognize that, in rare circumstances, mental incapacity may equitably toll the statute of limitations period in Title VII cases. Mental incompetence may in proper circumstances be an even more compelling reason for tolling the period than estoppel or equitable tolling based on the plaintiff's ignorance. *See Bassett,* 578 F.Supp. at 1247. Such a rule is clearly consistent with the remedial purposes of Title VII. Therefore, the court holds that in suits between private parties, under exceptional circumstances, the period for filing a charge with the EEOC in Title VII cases may be tolled, in the discretion of the court, for that period of time which mental incapacity rendered the plaintiff incapable of pursuing any remedy.

■ Examining the circumstances in this case, however, plaintiff is entitled to no relief. Plaintiff relies on the testimony of her doctor to support her claim that she suffered from a mental disability warranting the application of equitable tolling. Dr. Muther, a neurologist and psychiatrist, and his associates began treating plaintiff for panic disorder on 24 April 1985. Dr. Muther stated that plaintiff suffers from panic or anxiety attacks when confronted with stressful situations. He described panic attacks as follows:

Panic attack is an episode of uncontrolled anxiety, manifested by a variety of thoughts and changes—autonomic changes. The thoughts are fears of impending doom, apprehension, worry, fear. The fear is, by definition, usually unfocused. In other words, there is no related cause of the fear in most instances, although there are other groups of patients that may have specific fears of heights or open spaces or closed rooms and things like that.

With these thoughts and ideas, are changes of the nervous system consisting of tachycardia, rapid heartbeat, sweating, pupillary dilation, overactivity of the gastrointestinal tract, diarrhea or vomiting on occasion. Patients often complain of feeling short of breath and may hyperventilate or feel like they are not getting enough air.

Dr. Muther treated plaintiff's condition by prescribing various drugs, but the plaintiff seldom showed signs of improvement from the medications. Plaintiff's condition worsened until on 21 November 1985 she had to be hospitalized following her collapse in Dr. Muther's office. She remained in the hospital until 22 December 1985 when she left the hospital against Dr. Muther's advice. Dr. Muther noted in January of 1986 following her hospitalization plaintiff was virtually housebound. Becoming housebound, according to Dr. Muther, is common for patients suffering from panic disorders because they try to avoid all stressful activity which may cause attacks.

In February of 1986 Dr. Muther noted that plaintiff discussed, during a session, her supervisor and the sexual harassment that she had allegedly suffered. She mentioned that she wanted to sue but Dr. Muther advised her to wait. In his opinion her general psychiatric condition was such that it would be difficult for her to undertake something which would place her under stress, such as a lawsuit. Dr. Muther did not recall discouraging or discussing with the plaintiff the filing of a claim with the EEOC. His opinion was that she should avoid any type of stressful situation which would be confrontational and could contribute to her panic attacks. However, in May of 1986 the doctor did encourage her to pursue the filing of a social security claim for disability. His opinion was that the filing of the social security claim was not adversarial and would not contribute to her condition.

Dr. Muther stated that in his opinion plaintiff became totally disabled on or about the time of her hospitalization. In fact, he said that her condition continued to deteriorate following her hospitalization, her condition has not improved since her hospitalization, and he still considers her to be totally disabled. Most importantly, Dr. Muther stated that he knows of nothing which would have made her any *less* capable of filing a claim on 3 February 1986, the date of her discharge, than in September when she filed her EEOC claim, or today. He stated that he felt she was capable of filing a claim or a lawsuit in February of 1986 but that she was unable to pursue it because of the stress involved. He still feels that pursuing any kind of claim would be detrimental to the plaintiff.

Based on the testimony of Dr. Muther, although plaintiff's situation is compelling, it is clear that she is entitled to no relief based on equitable tolling. Although Dr. Muther advised her against pursuing any type of lawsuit, he did so because he felt like it would be too stressful and continues to be of that opinion today. He recognizes no improvement in her condition which makes her more capable of pursuing a claim today than he did during the filing period between February and July of 1986. Despite the fact that her condition has not improved, plaintiff has pursued an EEOC claim and subsequently filed this lawsuit. Therefore, the court can only conclude that plaintiff was capable of filing the claim during the filing period.

Furthermore, the court notes that plaintiff had retained counsel before the expiration of the EEOC filing period. This is evidenced by the 8 April 1986 letter from her counsel to Craven County Hospital requesting her medical records as well as the admission that plaintiff's lawyer had an initial consultation with her on 7 April 1986. Thus, the case is similar to the *Lopez* case, *supra*, wherein the First Circuit refused to equitably toll the statute of limitations period when the plaintiff was represented by counsel during the filing period and presented no exceptional circumstances for tolling the filing period.

## CONCLUSION

Although the court recognizes that the statute of limitations requirements in Title VII actions may be tolled by mental inca-

pacity, the facts and circumstances of this case do not warrant such relief. A plaintiff is only entitled to such tolling when the incapacity reached such a level that she was incapable of filing any claim within the requisite time periods. Examining all evidence presented in the light most favorable to the plaintiff, she has shown no exceptional circumstances to demonstrate that she was incapable of pursuing her claim. In fact, the opinion of her doctor demonstrates otherwise. Therefore, the court holds that plaintiff's mental disability was not such that it prevented her from pursuing any claim against her employer. Plaintiff has failed to raise a genuine issue of material fact with respect to tolling the limitations period.

Therefore, for the reasons stated above, the defendant's motion for summary judgment is allowed and this action is dismissed.