48 F.3d 1222
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Georgia WALTERS, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
 No. 92-2969.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1995.[1]
Decided March 3, 1995.
Rehearing Denied April 4, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Georgia Walters appeals from a district court order entering summary judgment on behalf of defendant, her former employer, in this race discrimination case brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Secs. 2000e et seq., on the basis that the suit was not timely filed.
 
 
 2
 The date that a plaintiff is informed that her employment is being terminated is the day the statute of limitations begins to run. Delaware State College v. Ricks, 449 U.S. 250, 258 (1980); Cada v. Baxter Healthcare Corp. 920 F.2d 446, 450 (7th Cir.1990), cert. denied, 501 U.S. 1261 (1991). Section 2000e-5(e) requires that a charge be filed "within 180 days after the alleged unlawful employment practice." 42 U.S.C. Sec. 2000e-5(e). In this case, plaintiff waited 327 days. Defendant mailed a letter of termination to plaintiff on June 19, 1989 and a second letter on June 26, 1989, informing plaintiff that she would be discharged as of June 28, 1989, after a two-year leave of absence. Plaintiff signed and returned the June 28 letter on July 12, 1989. She did not file a claim with the EEOC until June 5, 1990, 327 days later.[2]
 
 
 3
 Plaintiff's argument that the temporary suspension and later reinstatement of insurance benefits somehow altered the date the statute of limitations began to run finds no support in the caselaw. In addition, we will not consider plaintiff's argument of a continuing violation, United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1977), which claim was not included in her EEOC charge. Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974); Babrocky v. Jewel Food Co., 773 F.2d 857, 863 (7th Cir.1985).[3] Finally, there is nothing in the record indicating an equitable tolling would have been appropriate. Letters from plaintiff's doctor indicated she was competent to handle her affairs. See, e.g., Lopez v. Citibank, 808 F.2d 905 (1st Cir.1987) (no absolute rule of tolling on the grounds of mental incapacity). Cf. Nunnally v. MacCausland, 996 F.2d 1, 6 (1st Cir.1993) (factual question remains as to whether pro se plaintiff suffered from mental condition that "so disordered her ability to reason in function in society" that she was unable to bring discrimination suit).
 
 
 4
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 Plaintiff also points to the 300-day filing requirement for proceedings have been initially instituted before a state or local deferral agency. 42 U.S.C. Sec. 2000e-5(e). Even if that limitation period applied, which it does not, she was past that deadline, also
 
 
 [3]
 Plaintiff also apparently tried to raise a claim under 42 U.S.C. Sec. 1981. The two-year Illinois personal injury statute of limitations has passed, and thus her filing of a complaint on August 9, 1991 was untimely. See Goodman v. Lukens Steel Co., 482 U.S. 656 (1987); 735 ILCS 5/13-202 (previously Ill.Rev.Stat., ch. 110, par. 13-202)