**INTER–AMERICAN CHEMICALS, S. A.**
v.
**LAVINO SHIPPING COMPANY**
and
**Royal Netherlands Steamship Company.**
Civ. A. No. 41504.
United States District Court
E. D. Pennsylvania.
Nov. 3, 1969.

James Doak, LaBrum & Doak, Philadelphia, Pa., for plaintiff.

John T. Biezup, Rawle & Henderson, Philadelphia, Pa., for Lavino Shipping Co.

Thomas Byrne, Sr., Krusen, Evans & Byrne, Philadelphia, Pa., for Royal Netherlands.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

On November 31, 1966, plaintiff filed suit against defendants for damages due to the destruction of 1,203 bags of titanium dioxide by fire. On January 1, 1969, we held a pre-trial conference and all parties were given five additional days within which to amend their pre-trial memoranda. On October 23, 1969, on the eve of trial, defendant, Lavino Shipping Company, moved this Court to allow it to amend its pre-trial memorandum to change 1,203 bags to 1,085 bags. We held a hearing on this matter in chambers on November 3, 1969, at which counsel for the plaintiff and Lavino Shipping Company were present. Counsel for Royal Netherlands Steamship Company was notified of the conference but elected not to participate. We have decided to deny the motion.

The basis of Lavino's motion is the fact that it relied for its information as to the number of bags destroyed on its co-defendant's agent. It now asserts that this reliance was "misplaced". However, it appears that Lavino had adequate opportunity in the course of preparing this litigation to determine exactly how many bags were destroyed. This very information was available in the moving party's own documents. Since the commencement of this litigation, the number of bags destroyed has apparently never been a seriously contested fact. Lavino now, on the eve of trial, seeks to make this a contested fact to the prejudice of the plaintiff. To offset this claim by Lavino, plaintiff, at some expense and delay, must resort to discovery devices.

On the basis of the foregoing, it appears to this Court that the basic purpose of pre-trial procedures will be thwarted if Lavino is permitted to amend. The pre-trial conference marks the end of discovery and further discovery is permitted only by leave of Court to prevent manifest injustice. See Appendix to Local Rules, Eastern District of Pennsylvania, at page 31. In addition, trial is limited to only those contentions which the parties' pre-trial memoranda set forth. Where the parties have had adequate opportunity to prepare those memoranda and to crystallize their contentions, amendments of the kind sought here should be allowed only in cases of manifest injustice to the moving party. There is no injustice on the record in this case.

## ORDER

And now, this 3rd day of November, 1969, it is ordered that defendant, Lavino Shipping Co.'s motion to amend its pre-trial memorandum be and the same is hereby denied.