Lyndall MOLTHAN, M.D., Bernice Torrance, and Dr. Rosalie A. Cohen, individually and on behalf of all other persons similarly situated,

v.

TEMPLE UNIVERSITY—OF the COMMONWEALTH SYSTEM OF HIGHER EDUCATION and the Board of Trustees of Temple University of the Commonwealth System of Higher Education.

Appeal of Dr. Rosalie A. COHEN.

No. 84–1220.

United States Court of Appeals, Third Circuit.

Argued October 15, 1985.

Decided Dec. 5, 1985.

---

See also 93 F.R.D. 585.

Robert J. Reinstein, Stephen Bosch (Argued), Temple University Counsel, Philadelphia, Pa., for Temple University.

Gary Green, Neil A. Morris (Argued), for appellant; Sidkoff, Pincus & Green,. P.C., Philadelphia, Pa., of counsel.

Before ADAMS, Acting Chief Judge, HUNTER, Circuit Judge, and STERN, District Judge.*

### OPINION OF THE COURT

ADAMS, Acting Chief Judge.

Appellant, an associate professor at a university, brought suit under Title VII and Section 1983, claiming her denial of promotion was motivated by sex discrimination. In this appeal from a judgment for the university, she complains that the district judge improperly limited discovery and also decided her retaliation claim which she did not wish to include in the case. She further maintains that the district court erred in ruling that the university was not a state actor and in dismissing her federal civil rights claim on that ground. We conclude that the district judge acted within his discretion in determining the proper scope of discovery and the issues to be tried. However, the university arguably was engaged in state action in refusing to promote appellant, and taking the case from the jury on the ground that there was no basis for a § 1983 action was therefore incorrect. Nonetheless, because appellant produced insufficient evidence of discrimination to withstand a motion for directed verdict, the denial of appellant's request for a jury trial in the circumstances here was harmless error. Accordingly, the judgment for defendant will be affirmed.

### I.

Dr. Rosalie Cohen is an associate professor in the Colleges of Sociology and Foundations of Education at Temple University. She was hired by Temple in 1970 and received tenure during the 1971–72 academic year. In 1974, after being denied promotion to the rank of full professor several times, Dr. Cohen filed an administrative complaint with the Equal Employment Opportunity Commission (EEOC) alleging that Temple's actions were the result of sex discrimination. The EEOC issued a right to sue letter on March 5, 1975.

This action was filed on May 15, 1975 on behalf of a class consisting of all female faculty and administrative personnel, and applicants for such positions, who had suffered sex discrimination in decisions regarding hiring, promotion, tenure, salary, and teaching assignments at Temple. The named plaintiffs were Dr. Cohen and two other female employees of the university. Their original complaint asserted claims under Title VII, 42 U.S.C. § 2000e *et seq.* (1982), and under 42 U.S.C. § 1983 (1982), for sex discrimination and violations of the First and Fourteenth Amendments.

Nearly nine years elapsed before the case came to trial, on February 13, 1984. By that time, the claims of the other named plaintiffs had been dismissed or settled, the class had been decertified, and only Dr. Cohen's claims remained in dispute. In addition, during the year and a half before the trial, Dr. Cohen's counsel, Harry Lore, made repeated attempts to withdraw as Dr. Cohen's attorney. At one point, in November 1983, the court gave Dr. Cohen the opportunity to obtain other counsel. In this regard, she approached Gary Green, Esquire, and his firm, but after reviewing the case Mr. Green determined that insufficient discovery had been conducted concerning Dr. Cohen's individual claims, and he agreed to represent her only if the court would allow him an additional six months to prepare the case and conduct further discovery. The court denied this request, and Mr. Lore was required to represent Dr. Cohen at the trial.

Mr. Lore's strategy during the trial produced another dispute. After the initial class action was filed in 1975, Dr. Cohen believed herself to be the victim of retaliation by Temple for filing the complaint. She asked Mr. Lore to add the retaliation claim to the *Molthan* suit, but he refused. As a result, in 1979 Dr. Cohen retained separate counsel to handle the retaliation claim. She filed an administrative complaint with the Department of Labor in

---

* Hon. Herbert J. Stern, United States District Court for the District of New Jersey, sitting by designation.

1979, and with the EEOC in 1982. The latter agency issued a right to sue letter on November 22, 1983, and Dr. Cohen, represented by Mr. Green and his firm, filed suit based on her retaliation claim on February 17, 1984. That action, captioned *Cohen v. Temple University*, No. 84–0834 (E.D.Pa. filed February 17, 1984), is still pending in the district court. The *Molthan* trial had begun four days before the second suit was filed and Mr. Lore, despite his earlier refusal to handle the retaliation claim, referred to it in his pretrial memorandum and at the trial.

Dr. Cohen made a timely request for a jury trial and a jury was empaneled. However, after several days of the *Molthan* trial, the district court directed a verdict for Temple on the § 1983 claim, finding no state action. The jury was therefore dismissed, and the trial proceeded before the judge on the Title VII issue. After the trial, in an opinion delivered from the bench, the court decided that Dr. Cohen had failed to show that discrimination played any part in the denials of promotion or in the allegedly retaliatory actions.

Dr. Cohen filed this appeal, arguing that (1) the district court abused its discretion in denying additional discovery; (2) the district court improperly considered and decided the retaliation claim; and (3) the issuance of a directed verdict by the district court on the state action issue was erroneous as a matter of law. She requests that this Court reverse the district court's judgment and remand for a new trial before a jury on her Title VII and § 1983 claims, after a short period for additional discovery. She further requests that, if a new trial is not granted, the district court's resolution of the retaliation claim be vacated, leaving her free to litigate it in the pending *Cohen* suit.

## II.

### A.

■ Appellant claims that, despite the nine-year period between the filing of this suit and the trial, she did not have an adequate opportunity to conduct discovery. The basis for her complaint appears to be that her attorney, Mr. Lore, devoted the bulk of his time to discovery on the class claims prior to the decertification of the class, and to his efforts to withdraw as her counsel thereafter.

At a conference held November 4, 1983, three months before the trial finally began, Mr. Lore informed the court that, although he wished to withdraw, he was then prepared to argue the case. However, Mr. Green, the proposed replacement, declared that his willingness to appear was conditioned on receiving sixty days to familiarize himself with Dr. Cohen's case and four additional months for discovery on Dr. Cohen's claims, as distinguished from the class claims. Because the court refused to allow the requested time for discovery, Mr. Green did not appear in the case.

Dr. Cohen argues that the decision by the district court to deny additional discovery constituted a "death knell" to her case. However, "questions concerning the scope of discovery are among those matters which should be almost exclusively committed to the sound discretion of the district court," *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1213 (3d Cir. 1984), and we see no reason to disturb the court's discovery ruling here.

The district judge based his ruling denying further discovery on the importance of bringing this nine-year-old case to trial. Extensive discovery had been conducted and Dr. Cohen's attorney of record had expressed satisfaction with these efforts and his readiness to proceed with the trial. The fact that Mr. Green believed additional discovery would have been helpful does not persuade us that the district judge abused his discretion; as he noted himself, "no case is ever prepared by one lawyer to the satisfaction of another lawyer." App. at 289. *See Zahorik v. Cornell University*, 729 F.2d 85, 91 (2d Cir.1984) (where plaintiffs had two and one-half years for discovery and assured the district court that sufficient discovery had been conducted,

claim of inadequate discovery will not be entertained on appeal).

Dr. Cohen maintains that further discovery must be allowed where the adverse party is not prejudiced, by analogy to the standard allowing liberal amendment of complaints. But the amendment of a complaint can be accomplished much more easily and quickly than additional discovery, which may hinder the court's orderly management of its docket. The fact that an extension of the time for discovery would have delayed the projected trial date was properly taken into account. *See Redhead v. United States*, 686 F.2d 178, 184 (3d Cir.1982), *cert. denied*, 459 U.S. 1203, 103 S.Ct. 1190, 75 L.Ed.2d 435 (1983).

It is apparent from the record that Dr. Cohen's relationship with Mr. Lore was not an ideal attorney-client relationship from either participant's point of view. Although this is regrettable, the appropriate remedy is not a new trial. Mr. Lore, as Dr. Cohen's attorney, was under a duty to prepare his client's case properly. Appellant may believe that he failed in this duty, but in any case her grievance is with him, and not with the district court.

### B.

▮ Dr. Cohen next contends that her retaliation claim was not properly before the court in this case. She thus urges that the district court's resolution of that issue should not preclude her from litigating it in the pending *Cohen* suit, or, in the event that a new trial is granted in this matter, consolidating her actions and relitigating the issue on remand.

The retaliation claim, not having arisen until after the filing of the present suit, was not raised in the original complaint. It was, however, set out in the pretrial memorandum filed by Mr. Lore on September 24, 1982. *See* app. at 189–90. Furthermore, at trial, Dr. Cohen herself testified about the alleged incidents of retaliation, and produced witnesses and exhibits regarding these alleged occurrences. Brief for Appellee, exhibit A.

Appellant points out that the district court was notified several times in the months preceding the trial of her arrangements for separate representation in regard to the prosecution of the retaliation claim in her second lawsuit. Gerald Kauffeld, Dr. Cohen's first attorney on the retaliation matter, explained the arrangement to the court in affidavits dated October 14, 1982 and December 13, 1983; Mr. Green did the same in a letter dated October 20, 1983 and at the November 4, 1983 conference; and Dr. Cohen herself verified the scenario in her December 15, 1983 opposition to Mr. Lore's third motion to withdraw.

However, the court apparently did not take cognizance of these communications, and believed that the case included all issues outlined in the pretrial memorandum. Mr. Lore also proceeded in his preparations as if the retaliation issue was in the case. Learning of these developments, Neil A. Morris, an attorney in Mr. Green's firm, wrote to Mr. Lore on January 26, 1984 and asked him to remind the court of the arrangement and to amend the pretrial memorandum to exclude the retaliation claim. But the district judge refused Mr. Lore's subsequent request and proposed amendment to the pretrial memorandum. He stated in a letter to Mr. Lore, dated February 3, 1984: "It is my intention to try this case as it is reflected in the parties' pretrial memoranda filed in September and October 1982, which have governed this action until the present moment." *App. at 385.* Furthermore, on February 15, 1984, the district judge called Mr. Morris before the bench and admonished him for his attempts to interfere with Mr. Lore's presentation of the case.

The district court's decision to try all issues outlined in the pretrial memorandum was within its discretion. While Fed.R. Civ.P. 16(e) speaks only of pretrial orders as committing the parties to specified issues, the court may also limit a case based on a party's pretrial memorandum, and deny amendments on the eve of trial where no manifest injustice results. *Inter-American Chemicals, S.A. v. Lavino Shipping*

*Co.*, 48 F.R.D. 353, 354 (E.D.Pa.1969). *Cf. Shuber v. S.S. Kresge Co.*, 458 F.2d 1058, 1061 (3d Cir.1972) ("The Pretrial Order in the case holds and limits the parties to what they have presented and revealed in their Pretrial Narratives and at the Pretrial Conference.").

▪ Dr. Cohen further argues that the retaliation claim was not properly before the court because at the time Mr. Lore prepared the pretrial memorandum the EEOC had yet to consider the retaliation charges. However, the administrative process may be waived where the acts alleged "are fairly within the scope" of a prior EEOC complaint, *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir.1984) (per curiam), and in any event, the EEOC had issued a right to sue letter on the retaliation claim by the time the trial began.

Appellant also insists that Mr. Lore could not properly raise the individual retaliation claim in the *Molthan* case, because doing so would have destroyed class symmetry. But a class action may include individual claims, *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 104 S.Ct. 2794, 2801, 81 L.Ed.2d 718 (1984), and regardless, the issue is moot because the class claims had been settled by the time the case was tried. We thus conclude that the district court did not abuse its discretion in resolving the retaliation claim in this suit.

### C.

▪ On February 17, 1984, after several days of proceedings, the district court ruled that the conduct in question by Temple did not constitute state action. In consequence it directed a verdict for Temple on Dr. Cohen's claim under § 1983. Also, because Dr. Cohen was entitled to a jury trial only on her § 1983 claim and not under Title VII, *see Slack v. Havens*, 522 F.2d 1091, 1094 (9th Cir.1975); *Batis v. Great American Federal Savings & Loan Ass'n*, 452 F.Supp. 588, 590 (W.D.Pa.1978), the court dismissed the jury at that time. Trial on the Title VII claim then proceeded as a bench trial.

Dr. Cohen argues that the court's ruling on the state action issue was incorrect, citing this Court's recent decision in *Krynicky v. University of Pittsburgh*, 742 F.2d 94 (3d Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 2018, 85 L.Ed.2d 300 (1985). She asks us to vacate the order directing a verdict for Temple on the § 1983 claim and the judgment for Temple on her Title VII claim in order that the factual issues common to both claims may be resolved by a jury at a new trial.

Temple concedes that, in light of *Krynicky*, the district court's ruling on the state action issue was in error. It argues, however, that a new trial before a jury is not necessary because Dr. Cohen produced insufficient evidence of discrimination to withstand a directed verdict on the merits of her § 1983 claim or her Title VII claim. It thus contends that the denial of Dr. Cohen's right to a jury trial was harmless error.

### 1.

In *Braden v. University of Pittsburgh*, 552 F.2d 948 (3d Cir.1977), this Court, sitting in banc, affirmed the trial court's denial of a motion to dismiss a § 1983 action against the University of Pittsburgh on the ground that state action was not present. We held that a ruling that the university had not engaged in state action would have been premature at that stage in the proceedings, since the evidence that had been presented at that point suggested the existence of a "symbiotic relationship" with the Commonwealth. This holding applied to Temple University as well, by implication, since the two universities have identical relationships with the state. However, the district judge in this case believed that *Braden* had been effectively overruled by subsequent Supreme Court decisions that refined the state action analysis. He therefore concluded that he was not bound by *Braden* to find that Temple had engaged in state action in denying Dr. Cohen promotion.

Subsequent to the district court's ruling on state action this Court handed down *Krynicky v. University of Pittsburgh*, 742

F.2d 94 (3d Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2018, 85 L.Ed.2d 300 (1985). In *Krynicky,* we reaffirmed the *Braden* decision and held that both Temple and the University of Pittsburgh are state actors when they make employment decisions. In light of *Krynicky,* it appears that the district court's ruling on state action must be reversed. Dr. Cohen was therefore entitled to pursue her claim of sex discrimination against Temple under § 1983 as well as under Title VII.

■ Furthermore, Dr. Cohen had a right to present both claims to a jury. It is true that the standards governing a sex discrimination suit brought under § 1983 are parallel to those employed under Title VII, *Lewis v. University of Pittsburgh,* 725 F.2d 910, 915 (3d Cir.1983), *cert. denied,* —— U.S. ——, 105 S.Ct. 266, 83 L.Ed.2d 202 (1984), and thus that Dr. Cohen's evidence and arguments under § 1983 would have mirrored those presented under Title VII. Nonetheless, the fact that Dr. Cohen's legal claim under § 1983 was joined with an equitable claim under Title VII did not affect her right to demand a jury trial. A party seeking compensatory damages or other legal relief under § 1983 has a right to a jury trial, even though the claim is based on the same facts that support an equitable claim. *Laskaris v. Thornburgh,* 733 F.2d 260, 263 (3d Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 260, 83 L.Ed.2d 196 (1984); *Equal Employment Opportunity Commission v. Corry Jamestown Corp.,* 719 F.2d 1219, 1224 (3d Cir.1983). The dismissal of the jury thus deprived Dr. Cohen of her right to present both of her claims to a jury.

However, the denial of the right to a jury trial is harmless error where a directed verdict would have been appropriate. *Laskaris,* 733 F.2d at 264; *Amoco Oil Co. v. Torcomian,* 722 F.2d 1099, 1105 (3d Cir. 1983); *Corry Jamestown,* 719 F.2d at 1225. We must therefore determine whether, on the basis of the evidence presented by Dr. Cohen, the district court could properly have granted a directed verdict for Temple in a jury trial. If that evidence, viewed in the light most favorable to Dr. Cohen, could not have supported the inference that sex discrimination was a "but for" cause of her denial of promotion, a directed verdict would have been warranted. *See Denneny v. Siegel,* 407 F.2d 433, 439 (3d Cir.1969); *Lewis,* 725 F.2d at 914.

### 2.

■ The standards governing a trial on a claim of discrimination under Title VII, and under § 1983, have been set forth many times by the Court. The initial burden of production rests on the plaintiff to make out a prima facie case of discrimination. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). If he or she does so, the burden shifts to the defendant to come forward with evidence sufficient to dispel the presumption of discrimination created by the plaintiff's showing. To do so, the defendant must articulate a legitimate, nondiscriminatory reason for the employee's rejection. *Id.* If the defendant's evidence raises a genuine issue of fact, the presumption created by the plaintiff's prima facie showing drops from the case. *Id.* at 255 & n. 10, 101 S.Ct. at 1095 & n. 10. The ultimate burden of persuasion, which has been the plaintiff's throughout, may then be satisfied by the plaintiff's production of evidence that the defendant's articulated reason was pretextual. *Id.* at 253, 101 S.Ct. at 1093. Thus, the burden of proving by a preponderance of the evidence that the defendant's actions toward the plaintiff were motivated by illegal and discriminatory motives rests at all times with the plaintiff. *Id.; see Bellissimo v. Westinghouse Electric Corp.,* 764 F.2d 175, 179–80 (3d Cir.1985); *Lewis,* 725 F.2d at 914–15.

Dr. Cohen, according to the district court, made out a prima facie case of sex discrimination under Title VII by showing that she is female; she was qualified to be considered for promotion; she was denied promotion; and that "during the period of time in question at least one male was promoted to the rank of professor." App. at 4–5. *See Kunda v. Muhlenberg Col-*

*lege,* 621 F.2d 532 (3d Cir.1980) (explaining the application of Title VII standards in the academic employment context).

This showing shifted the burden of production to Temple to "articulate some legitimate, non-discriminatory reason for the employee's rejection." *Id.* at 542 (quoting *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)). Temple carried this burden by showing that the majority of those who voted on each of Dr. Cohen's promotion decisions believed that she was not qualified for promotion. *See Zahorik,* 729 F.2d at 94. Thus any presumption of discrimination created by Dr. Cohen's prima facie showing dropped from the case. *Bellissimo,* 764 F.2d at 179.

The ultimate burden of proving sex discrimination was then on Dr. Cohen. The district court noted that, while he did not doubt the sincerity of Dr. Cohen's belief that her denial of promotion was the result of sex discrimination, app. at 6, she had nonetheless produced "no evidence whatsoever that sex played any part" in the decision. *Id.* at 16. After reviewing the evidence of discrimination presented by Dr. Cohen, we agree with the district court that no evidence was adduced from which a jury could reasonably have inferred that sex discrimination played any part in the denial of promotion.

Dr. Cohen presented evidence sufficient to establish that those at Temple who recruited her to join the faculty strongly implied that she would be tenured; that she received tenure in the 1971–72 academic year; and that efforts were made to induce her to change her primary appointment from the Sociology Department to the Education Department. She argued that, taken together, these actions on the part of Temple suggested that the university was motivated by sex discrimination. Dr. Cohen also produced evidence that her candidacy for a full professorship was not considered under the "normal" procedures. However, Temple's evidence showed that the procedures under which Dr. Cohen was considered were applied to other candidates, some of whom were male. It also introduced evidence that some deviations from "normal" procedures were necessitated in Dr. Cohen's case by her unusual position as an associate professor with appointments in two separate colleges. Finally, Dr. Cohen presented evidence that women were "underrepresented" in the higher ranks of the faculty at Temple, that is, that fewer women than men are full professors at Temple.

We conclude that the evidence produced by Dr. Cohen was insufficient as a matter of law to warrant any inference of discriminatory motive.[1] The record shows no more than a denial of promotion as a result of a dispute over qualifications. We agree with the Court of Appeals for the Second Circuit that "for a plaintiff to succeed in carrying the burden of persuasion, the evidence as a whole must show more than a denial of tenure [or promotion] in the context of disagreement about the scholarly merits of the candidate's academic work, the candidate's teaching abilities or the academic needs of the department or university." *Zahorik,* 729 F.2d at 94.

---

1. Dr. Cohen also testified that she had been told of sexist comments made by several male faculty members and that hostile comments had been made in her presence. The district judge did not believe that such comments had been made, based upon his assessment of the credibility and demeanor both of Dr. Cohen and of those said to have made them. While such assessments are for the jury, most of the alleged remarks would have been inadmissible at a jury trial as hearsay, and may therefore be disregarded for purposes of determining whether a directed verdict would have been warranted. Of those comments that Dr. Cohen testified were made in her presence, several, while hostile, contained no reference to her gender. Thus, while they might indicate a lack of regard for her, they would support no inference of sex discrimination. Only one speaker was alleged to have made sexist comments in Dr. Cohen's presence. Such evidence, even if believed, would amount to no more than a "mere scintilla" which "is not enough, in federal courts, to warrant submitting a case to a jury." *Fireman's Fund Ins. Co. v. Videfreeze Corp.,* 540 F.2d 1171, 1179 n. 6 (3d Cir.1976); *Denneny,* 407 F.2d at 440 n. 12.

Much of the evidence presented by Dr. Cohen simply raises no inference of sex discrimination, either because it does not constitute unfavorable treatment or because male associate professors were treated similarly. Further, the evidence of underrepresentation of women as full professors at Temple was generalized and unreliable. "Gross statistics are ... meaningless absent a departmental breakdown." *Id.* at 95. Because the considerations affecting promotion decisions may differ greatly from one department to another, statistical evidence of a general underrepresentation of women in the position of full professor adds little to a disparate treatment claim.

We are well aware that the right to a jury trial is a fundamental right, which is expressly protected by the Seventh Amendment. *See Laskaris,* 733 F.2d at 266 (Adams, J., dissenting). Our holding in no way is intended to suggest otherwise. However, where a plaintiff has failed to present evidence sufficient to warrant submitting a case to the jury, error in denying the jury right is harmless.

As Dr. Cohen failed to produce any admissible evidence that Temple's articulated reason for denying her promotion was pretextual, a directed verdict for Temple would have been justified. It follows that the denial of her right to a jury trial was harmless error.[2]

### III.

Because we conclude that the district court did not abuse its discretion in limiting discovery and in ruling on Dr. Cohen's retaliation claim, and because its denial of a jury trial was harmless error, the judgment will be affirmed.

---

**2.** Dr. Cohen argues that, had she been permitted to proceed with her § 1983 claims in the district court, she would have attempted to establish violations of her rights to freedom of speech and association, and procedural due process under the First and Fourteenth Amendments as well. However, although these claims were raised in the original complaint filed in 1975, Dr. Cohen's pretrial memorandum did not give notice that she still intended to assert them. Where it is not clear that Dr. Cohen would, or indeed could, have raised claims other than sex discrimination and retaliation at trial, *see Miller v. Bare,* 457 F.Supp. 1359, 1366 (W.D.Pa.1978); *Hooper v. Guthrie,* 390 F.Supp. 1327, 1332 (W.D. Pa.1975), she cannot obtain a new trial by asserting that she would have.