Gabrielle F. **ARIZMENDI**

v.

Neal C. **LAWSON**, et al.

Civil A. No. 95–2291.

United States District Court,
E.D. Pennsylvania.

Feb. 6, 1996.

Gabrielle F. Arizmendi, Bayamon, Puerto Rico, Pro Se.

Marilyn May, Assistant U.S. Atty., Philadelphia, Pennsylvania, for defendants.

### MEMORANDUM

WALDMAN, District Judge.

Plaintiff is suing the Secretary of Veterans Affairs and two subordinate officials. She alleges that she was subjected to employment discrimination because of her sex, race, national origin and pregnancy respectively when she was denied adequate office facilities, light duty assignments and leave and "had no choice but to resign" from her position as a nurse coordinator on July 30, 1993. Plaintiff asks for $10 million in compensatory damages.

The government has moved to dismiss plaintiff's complaint under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction or alternatively under Rule 12(b)(6) for failure to state a cognizable claim. The motion is premised on the unamenability to suit of two of the three defendants and upon plaintiff's failure timely to pursue relief.

■ In addition to the Secretary, plaintiff has sued an assistant general counsel and acting regional director. In opposition to the motion, plaintiff argues that these officials "are both proper party defendants because each individual has issued and signed pertinent documents pertaining to" this civil action. The only proper party in a discrimination suit by a federal employee is the head of the agency in which the plaintiff was employed. *See* 42 U.S.C. § 2000e–16. Thus, defendants Lawson and Falast are entitled to have the claims against them dismissed.

Defendant Brown's motion is premised on a failure by plaintiff to lodge an administrative complaint within 45 days as required by 29 C.F.R. § 1614.105(a) or to present her complaint in this action within 90 days of receiving a final agency decision. *See* 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1614.408.

■ An aggrieved federal employee must initiate contact with an EEO counselor within 45 days of the alleged occurrence of discrimination. *See* 29 C.F.R. § 1614.105(a)(1). As the government acknowledges, the time limit for presenting an administrative complaint is not jurisdictional but rather is akin to a statute of limitations and thus subject to equitable tolling. *See Zipes v. Trans World Airlines,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). The government argues that plaintiff has failed to make any allegation or showing of equitable considerations which could excuse her failure to comply with the 45 day requirement.

■ Contrary to the government's contention, the time limit for initiating a court action is also subject to equitable tolling principles. *See Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 457–458, 112 L.Ed.2d 435 (1990) (holding "equitable tolling applicable to suits against private defendants should also apply to suits

against the United States"). Whether this precludes a dismissal under Rule 12(b)(1), however, is not altogether clear.

Prior to *Irwin*, the time requirement in § 2000e–16(c) for filing suit was held not to be jurisdictional in *Hornsby v. U.S. Postal Service*, 787 F.2d 87, 89 (3d Cir.1986). The Court in *Hornsby* relied on *Zipes* and concluded that plaintiff's Title VII complaint should not have been dismissed under Rule 12(b)(1) in reliance on *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) because that case was "not on point" as "the Supreme Court did not address the question of whether a Title VII time limit was a matter that went to subject matter jurisdiction." *Id.* The Supreme Court in *Brown* did not expressly address the legal nature or ramifications of the time requirement for filing suit but did "hold, therefore, that since Brown failed to file a timely complaint under [§ 2000e–16(c)], the District Court properly dismissed the case." *Brown*, 425 U.S. at 835, 96 S.Ct. at 1969. In fact, the district court in *Brown* had dismissed the complaint, which was filed twelve days late, pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *See Brown*, 425 U.S. at 824, 96 S.Ct. at 1964. The issue in *Zipes* was whether the timely filing of an administrative charge is a jurisdictional prerequisite to suit. *See Zipes*, 455 U.S. at 392–93, 102 S.Ct. at 1131–32.

*Irwin* involved the timeliness of a Title VII court complaint. The Supreme Court in that case affirmed the dismissal of petitioner's Title VII complaint after concluding that it was fourteen days late and there was no basis for equitable tolling. The complaint in *Irwin* had been dismissed for lack of jurisdiction. *Irwin* arguably supports a Rule 12(b)(1) dismissal where a complaint is untimely and no equitable justification exists. Nevertheless, it is difficult to characterize as truly jurisdictional a requirement that may be modified for equitable reasons.

In view of what seems implicit in *Irwin* and is explicit in *Hornsby*, the court is constrained to reject the government's jurisdictional argument. This does not, however, end the inquiry.

 If not literally jurisdictional, the time requirements in Title VII must be taken seriously. They are part of a carefully crafted statutory scheme reflecting a strong Congressional preference for resolving discrimination claims administratively through counselling and conciliation. *See Alexander*, 415 U.S. at 44, 94 S.Ct. at 1017; *E.E.O.C. v. Great Atlantic & Pacific Tea Co.*, 735 F.2d 69, 73 (3d Cir.), *cert. denied*, 469 U.S. 925, 105 S.Ct. 307, 83 L.Ed.2d 241 (1984). Compliance with Title VII administrative requirements, if not equitably excused, is a prerequisite to suit. *See Hornsby*, 787 F.2d at 90 (complaint fails to state Title VII claim unless it asserts compliance with administrative submission requirements).

 Where it is apparent from the complaint and other matters to which a court may properly look in addressing a Rule 12(b)(6) motion that a discrimination plaintiff's claim is time-barred, it may be dismissed. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 1 (3d Cir.1994). When a discrimination claim appears to be time-barred, the burden is on the plaintiff to assert or establish facts that justify equitable tolling. *See Byers v. Follmer Trucking Co.*, 763 F.2d 599, 600–01 (3d Cir.1985). In such circumstances, a plaintiff should at least "plead the applicability of the doctrine" of equitable tolling. *Oshiver*, 38 F.3d at 1391.

It appears from the face of the complaint that the discriminatory conduct alleged by plaintiff occurred between December 28, 1992 and July 30, 1993, and that she filed a formal EEO complaint on June 13, 1994. It appears from records of this court that plaintiff presented her complaint in this action on April 19, 1995. Other pertinent dates appear from the final agency decision and right to appeal or sue letter of January 11, 1995 attached to the government's motion, the authenticity of which is not disputed. The court takes cognizance of these documents.

 In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the

complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion. *See Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir.1994); *Pension Ben. Guar. Corp. v. White Consol. Ind.*, 998 F.2d 1192, 1196–97 (3d Cir.1993) *cert. denied*, — U.S. ——, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir.1991); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986); *Redding v. Freeman Products, Inc.*, 1995 WL 410922, \*2 (N.D.Ill.1995) (EEOC charge and right to sue letter referred to in complaint).

The letter of January 11, 1995 is a letter of decision of a government agency. The letter and agency dismissal are referenced in the complaint, and indeed there is a notation that plaintiff's right to sue letter is attached. In fact, however, plaintiff attached a copy of her letter of April 10, 1995 to the EEOC expressing an intent to sue the Department of Veterans Affairs rather than the letter received by her from the agency. The letter is attached to the government's motion and is essential to plaintiff's claim. Nowhere in the pertinent jurisprudence is it suggested that a discrimination plaintiff may sustain a court claim without showing resort to the avenue of administrative relief and if untimely, an equitable reason therefor. Moreover, plaintiff has been afforded an opportunity to address the government's claim of untimeliness and has done so. The court will similarly consider the document attached to the complaint and letters from the E.E.O.C. reflecting official action submitted by plaintiff.

By letter of January 11, 1995, plaintiff's EEO complaint was "dismissed for untimeliness" on the ground that she had not initiated contact with an EEO counselor until seven months after the last act of alleged discrimination, and her explanation that she was fearful of losing her job was rejected as a justification for tolling the 45–day time requirement. Plaintiff did not present her complaint in this action within 90 days of her acknowledged receipt of this letter of final decision.

It appears from orders of an E.E.O.C. Administrative Judge that plaintiff also filed a "request for hearing" with the E.E.O.C. on December 27, 1994 and that her case was "remanded" when the E.E.O.C. learned of the agency dismissal for failure "to timely seek EEO counseling." Plaintiff then appealed the final agency decision to the E.E.O.C. on January 23, 1995. By her letter or April 10, 1995 to the E.E.O.C., plaintiff withdrew her appeal and advised that she had decided to file a suit instead.

 Whether a limitations period on a federal claim may be equitably tolled is a question of federal law. *See Farmers & Merchants Nat. Bank v. Bryan*, 902 F.2d 1520, 1522 (10th Cir.1990). Federal courts generally permit equitable tolling in very limited circumstances, principally where a defendant's active misconduct caused a plaintiff's noncompliance or he has timely asserted his rights but mistakenly in the wrong forum or in a complaint that was defective. *See Irwin*, 498 U.S. at 96, 111 S.Ct. at 458; *Oshiver*, 38 F.3d at 1387. The doctrine may also be applicable, however, where a plaintiff has been prevented from asserting his rights for some extraordinary reason. *Id.*

 A federal employee who has filed a Title VII or Rehabilitation Act complaint may file a civil action within 90 days of receiving a final agency decision or after the passage of 180 days without a decision if an E.E.O.C. appeal has not been filed. *See* 29 C.F.R. §§ 1614.408(a) & (b). Alternatively, the employee may appeal to the E.E.O.C. and file a civil action within 90 days of a final decision by the Commission or the passage of 180 days without a decision. *See* 29 C.F.R. §§ 1614.408(c) & (d). There is no authority for an employee to pursue both courses or to change her mind in mid-stream and truncate an E.E.O.C. appeal less than 180 days after filing it to pursue instead a civil suit.

 It is not clear, however, that plaintiff is unable to show that her court complaint was technically timely or otherwise salvageable through equitable tolling. It does not appear that plaintiff mistakenly filed an appeal with the E.E.O.C. on January 23, 1995. Rather, from her own account it appears that she knowingly elected to pursue that route and then changed her mind on April 10, 1995.

It also appears, however, that her request for action by the E.E.O.C. on December 27, 1994 was timely and appropriate. More than 180 days had elapsed from the filing of her EEO complaint and there had been no final agency decision. The "remand" by the E.E.O.C. on January 20, 1995 was arguably a final decision in that it terminated her case at the assigned E.E.O.C. docket number. Her civil complaint was presented 89 days after that action and thus may be viewed as timely unless she is penalized for filing the intermediate E.E.O.C. appeal withdrawn on April 10, 1995. While plaintiff's filings with the E.E.O.C. literally may not have been mistaken, it appears that she made an effort timely to assert her right to proceed beyond the agency level and may have been mistaken about the potential effect of proceeding in that forum on her ability to preserve a court claim.

Because it does not appear beyond doubt that plaintiff's civil complaint is untimely and otherwise unsalvageable, the motion to dismiss will be denied in so far as it is premised on § 2000e–16(c). Plaintiff's acknowledged failure to comply with 29 C.F.R. § 1614.105(a)(1) is another matter.

 There is no suggestion that plaintiff did not know of the allegedly discriminatory conduct of which she complains at the time it occurred. Plaintiff's purported fear of employer retaliation is not a ground for equitable tolling. *See*, e.g., *Caldwell v. National Ass'n. of Home Builders*, 598 F.Supp. 371, 376 (N.D.Ind.1984); *Platt v. Burroughs Corp.*, 424 F.Supp. 1329, 1333 (E.D.Pa.1976). Retaliation by an employer because of an employee's complaint about discrimination is itself proscribed and actionable. The time requirement would effectively be vitiated if an employee could defer filing indefinitely so long as he or she had an apprehension about possible retaliation. Moreover, plaintiff's excuse of fear of losing her job is patently incredible. She acknowledges that she resigned from her position on July 30, 1993 and yet first complained of discrimination to an EEO counselor on March 3, 1994.

In her response to the government's motion, plaintiff suggests other reasons for her failure timely to lodge a complaint of discrim-ination with an EEO officer. Most of them are unavailing, e.g., her move to a new location, the birth of a premature son who was colic and hyperactive, the fracturing of her arm and financial burdens. One of them, however, warrants consideration. Plaintiff states that she suffers from depression for which she received medication and has a "psychiatric impairment" which prevents her from "concentrating in periods of excess of two hours." Whether plaintiff is asserting that she is unable to concentrate for more than two hours at a time or periodically loses her ability to concentrate for two hours is unclear.

Some courts have recognized mental illness as a ground for equitable tolling, although only in rather extreme circumstances. *See*, e.g., *Nunnally v. MacCausland*, 996 F.2d 1, 6 (1st Cir.1993) (limitations period for Rehabilitation Act claim by schizophrenic plaintiff may be tolled if her mental condition "disordered her ability to reason and function" and "rendered her incapable of … pursuing her claim"); *Decrosta v. Runyon*, 1993 WL 117583, *2–3 (N.D.N.Y. Apr. 14, 1993) (handicap discrimination plaintiff with "major depressive" disorder may not toll time limit for contacting EEO counselor where condition did not impede ability rationally to think and function); *Moody v. Bayliner Marine Corp.*, 664 F.Supp. 232, 235 (E.D.N.C.1987) (Title VII administrative complaint period may be tolled for time "mental incapacity rendered the plaintiff incapable of pursuing any remedy"); *Speiser v. U.S. Dep't. of Health and Human Services*, 670 F.Supp. 380, 384 (D.D.C.1986) (Rehabilitation Act plaintiff may not toll time for lodging complaint with EEO counselor because of mental disorder where she cannot demonstrate inability to manage her affairs or comprehend her legal rights), *aff'd.*, 818 F.2d 95 (D.C.Cir.1987); *Bassett v. Sterling Drug, Inc.*, 578 F.Supp. 1244, 1248 (S.D.Ohio 1984) (administrative filing period for ADEA claim may be tolled for mental condition only for time plaintiff is adjudicated incompetent or institutionalized for mental incompetence).

It is not at all clear that plaintiff could satisfy any of the criteria established by courts which have recognized mental impair-

ment as a ground for equitable tolling. For instance, plaintiff acknowledges that she filed and successfully pursued a claim before the Pennsylvania Unemployment Compensation Board between August 31, 1993 and February 17, 1994 during which time she was presumably competent. *See Mincey v. U.S. Postal Service,* 879 F.Supp. 567, 574 (D.S.C. 1995) (plaintiff's filing and pursuit of unemployment compensation claim contradicts assertion of mental incapacity sufficient to toll limitations period).

Plaintiff states that she is receiving assistance in this case from an attorney and that her husband is a former EEO counselor. Nevertheless, she is proceeding *pro se* and the court will make every reasonable allowance for her. Thus, the court will dismiss the complaint but without prejudice to amend as to defendant Brown to show the possible applicability of the equitable tolling doctrine if plaintiff can do so in good faith.

An appropriate order will be entered consistent with the foregoing.

### *ORDER*

**AND NOW,** this 6th day of February, 1996, upon consideration of defendants' Motion to Dismiss and plaintiff's response thereto, consistent with the accompanying memorandum, **IT IS HEREBY ORDERED** that said Motion is **GRANTED** in that the complaint herein is **DISMISSED** without prejudice as to defendant Brown.