Anthony TLUSH, Plaintiff,

v.

MANUFACTURERS RESOURCE CENTER and Lehigh University, Defendants.

No. 02–CV–0235.

United States District Court, E.D. Pennsylvania.

July 24, 2002.

Donald P. Prusso, Nuria Sjolund, Vanessa M. Nenni, Bethlehem, PA, for Plaintiff.

Christopher J. Murphy, Michael E. Lignowski, Harvey, Pennington, Cabot, Griffith & Renneisen, Ltd., Philadelphia, PA, Manufacturers Resource Center.

Drsn M. Hart, Heimbach, Spitko & Heckman, Allentown, PA, for Lehigh University.

## EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

After being terminated from his position with defendants, Lehigh University ("Lehigh") and Manufacturers Resource Center ("MRC"), plaintiff Anthony Tlush ("Tlush") brought suit, alleging violation of various state and federal discrimination and retaliation laws. Before me are the motions to dismiss filed by Lehigh and MRC.

### Background

Anthony Tlush is a 50–year old male who suffers from clinical depression. In October of 1988, he was hired by defendants to be a manufacturing extension manager. On October 5, 2000 plaintiff was terminated.[1] Shortly thereafter, on November 25, 2000, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). On March 5, 2001, Tlush requested that the EEOC dual-file his complaint with the Pennsylvania Human Relations Commission ("PHRC").

On April 2, 2001, less than a month after dual-filing with the PHRC and before receiving a "right-to-sue" letter from the EEOC or the PHRC, Tlush commenced this action by filing a writ of summons in the Court of Common Pleas of Northampton County. On September 27, 2001, plaintiff received a right-to-sue letter from the EEOC. No right-to-sue letter has been issued by the PHRC.

---

1. The record does not reflect the reason given for plaintiff's termination.

On December 28, 2001, Tlush filed a complaint in the Court of Common Pleas of Northampton County, alleging violations of the Pennsylvania Whistleblower Law, 43 P.S. § 1421; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 955 and 962. On January 15, 2002, Lehigh removed the action to this court. On January 28, 2002, Lehigh filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(f). On February 8, 2002, MRC filed its consent to removal, as well as a motion to dismiss and a motion for a more definite statement.

On February 20, 2002, plaintiff filed an amended complaint, alleging the following claims: (I) violation of the Pennsylvania Whistleblower Law; (II) discrimination in violation of the ADA; (III) violation of the ADEA; (IV) illegal retaliation in violation of the ADA; and (V) violation of the PHRA. On March 11, 2002, Lehigh filed a motion to dismiss the complaint. On March 20, 2002, MRC filed a letter with this court, requesting that I consider its

previously-filed motion to dismiss as a response to the amended complaint.

**Discussion**

Lehigh moves to dismiss the amended complaint on the following grounds: (i) plaintiff's ADA, ADEA and PHRA claims should be dismissed, pursuant to Fed. R.Civ.P. 12(b)(1), or in the alternative 12(b)(6), because plaintiff failed to exhaust his administrative remedies prior to commencing this action in the court of common pleas; and (ii) plaintiff's demand for a jury trial under the PHRA is impertinent and should be stricken pursuant to Fed. R.Civ.P. 12(f), or in the alternative 12(b)(6).

■ MRC moves to dismiss the amended complaint on the following grounds: (i) plaintiff's ADA and PHRA claims should be dismissed, pursuant to Fed.R.Civ.P. 12(b)(1), or in the alternative 12(b)(6), because plaintiff failed to exhaust his administrative remedies prior to commencing this action in the court of common pleas;[2] and (ii) plaintiff's demand for a jury trial under the PHRA is impertinent and should be stricken pursuant to Fed. R.Civ.P. 12(f), or in the alternative 12(b)(6).[3]

---

**2.** MRC does not move to dismiss plaintiff's ADEA claim, and in fact acknowledges that plaintiff has exhausted his administrative remedies in regards to this claim. *See* Manufacturer Resource Center's Motion to Dismiss Plaintiff's Amended complaint, at 2 n. 2.

**3.** MRC also moves (1) to strike plaintiff's demand for a jury trial on his Pennsylvania Whistleblower Law claim because no such right is granted under 43 P.S. § 1421; and (2) for a more definite statement of plaintiff's Pennsylvania Whistleblower Law claim, pursuant to Fed.R.Civ.P. 12(e). A review of the amended complaint shows that both of these requests, directed at plaintiff's original complaint, are meritless. The amended complaint does not contain a request for a jury trial on the Pennsylvania Whistleblower Law claim; therefore, MRC's request to strike

plaintiff's jury demand is denied as moot. With regard to MRC's request for a more definite statement, such a motion will only be granted when an allegation rises to the level of "unintelligibility" and the answering defendant cannot frame even a "simple denial in good faith, without prejudice to himself." *Jeremy M. v. Central Bucks Sch. Dist.*, 2001 WL 177185, at *2 (E.D.Pa. Jan. 31, 2001); *Maremont Corp. v. Classic Distribs., Inc.*, 1999 WL 391487 *2 (E.D.Pa. June 7, 1999). In its motion, MRC focuses upon plaintiff's alleged failure to identify specific contracts, subcontractors, officials and government guidelines in arguing that this standard has been met. In light of the specific allegations in the amended complaint that address these perceived deficiencies, plaintiff has clearly met his pleading burden with regard to the Pennsylvania Whistleblower Law claim. There-

## Standard of Review

Defendants move to dismiss plaintiff's ADA, ADEA and PHRA claims for failure to exhaust administrative remedies pursuant to Fed.R.Civ.P. 12(b)(1), or in the alternative Fed.R.Civ.P. 12(b)(6). Because failure to exhaust is "in the nature of statutes of limitation," and "does not affect the district court's subject matter jurisdiction," this issue is best resolved under Rule 12(b)(6). *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir.1999).

In considering a motion to dismiss under Rule 12(b)(6), this court "must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Colburn v. Upper Darby Township*, 838 F.2d 663, 665 (3d Cir.1988); *see also Ford v. Schering–Plough Corp.*, 145 F.3d 601, 604 (3d Cir.1998). A motion to dismiss may be granted only if the court finds the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Schering–Plough Corp.*, 145 F.3d at 604.

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino*, 200 F.3d at 88. However, in resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993). Under this standard, administrative filings, such as the record of the case before the EEOC, may be considered by the court without converting the motion to dismiss into a motion for summary judgment. *See Pension Ben. Guar. Corp.*, 998 F.2d at 1196–97; *Arizmendi v. Lawson*, 914 F.Supp. 1157, 1160–61 (E.D.Pa.1996).

## ADA claims

■ Defendants contend that Counts II and IV of plaintiff's complaint should be dismissed for failure to exhaust administrative remedies. Specifically, they argue that plaintiff failed to exhaust his administrative remedies because he filed a writ of summons in the court of common pleas before receiving a "right-to-sue" letter from the EEOC.

■ Prior to filing suit in federal court under the ADA, a plaintiff must exhaust administrative remedies by filing a complaint with the EEOC. *See* 42 U.S.C. § 2000e; *Churchill v. Star Enterprises*, 183 F.3d 184, 190 (3d Cir.1999). The plaintiff must then wait 180 days, permitting the EEOC to take action on the complaint. At the end of this 180 day period, the plaintiff is entitled to bring suit, regardless of whether the EEOC proceedings have terminated. *See Churchill*, 183 F.3d at 191; *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir.1984). To do so, the plaintiff may seek a right-to-sue letter from the EEOC, which it must issue upon request once the 180 day period has ended. *See McNasby v. Crown Cork and Seal Co., Inc.*, 888 F.2d 270, 274 n. 3 (3d Cir.1989). The plaintiff has ninety days from receipt of the right-to-sue letter to file a lawsuit in district court. *See* 42 U.S.C. §§ 2000e–5(f)(1), 2000e–5(f)(3).

■ While the attainment of a right-to-sue letter from the EEOC is a condition precedent to filing Title VII and ADA

fore, MRC's motion for a more definite statement of this claim is denied.

suits, the failure to obtain notice of the right to sue is a curable defect. *See Gooding v. Warner–Lambert Co.*, 744 F.2d 354, 358 (3d Cir.1984); *Jones v. American State Bank*, 857 F.2d 494, 500 (8th Cir. 1988). The Third Circuit has held that issuance of a right-to-sue letter is a statutory requirement that does not deprive a district court of jurisdiction and may be satisfied by issuance of the letter after the complaint has been filed. *See Gooding*, 744 F.2d at 358. *See also, Molthan v. Temple University*, 778 F.2d 955, 960 (3d Cir.1985) (holding that district court did not abuse discretion in considering retaliation claim where EEOC issued right-to-sue letter after complaint was filed but before trial began). Several other Circuit Courts of Appeals have held that the defect is cured if the plaintiff receives a "right-to-sue" letter prior to trial and neither the EEOC nor defendants are prejudiced by plaintiff's initial failure to obtain the letter. *See Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 310 (6th Cir.2000); *Pinkard v. Pullman–Standard*, 678 F.2d 1211, 1215 (5th Cir.1982); *Henderson v. Eastern Freight Ways, Inc.*, 460 F.2d 258, 260 (4th Cir.1972).

Tlush filed his complaint with the EEOC on November 25, 2000. On April 2, 2001, without having received a right-to-sue letter, he commenced this action by filing a writ of summons in the court of common pleas. Although plaintiff filed suit before receiving a right-to-sue letter, he received such a letter on September 27, 2001,[4] not only prior to going to trial, but also prior to filing his complaint in the court of com-

mon pleas. Tlush's receipt of a right-to-sue letter at this early stage of the lawsuit is sufficient to cure his failure to obtain such a letter before seeking relief from the courts. Therefore, defendant's motion to dismiss plaintiff's ADA claims for failure to exhaust administrative remedies is denied.[5]

**ADA claim**

■ Defendant Lehigh argues that ADEA claimants, like ADA claimants, must comply with Title VII procedural requirements, and that plaintiff failed to exhaust the administrative remedies available for his ADEA claim by bringing suit within 180 days of filing a complaint with the EEOC. *See* 42 U.S.C. § 2000e. Plaintiff contends that the exhaustion requirements under the ADEA differ from those under the ADA, and that he has exhausted his administrative remedies.

■ Exhaustion of administrative remedies is required under the ADEA. *See Seredinski v. Clifton Precision Products Co.*, 776 F.2d 56, 63 (3d Cir.1985). ADEA claims are not governed by 42 U.S.C. § 2000e, which applies to Title VII and ADA claims. Rather, ADEA claims are procedurally governed by 29 U.S.C. § 626(d). *See id.* at 63. Unlike 42 U.S.C. § 2000e, 29 U.S.C. § 626(d) does not require a claimant to obtain a right-to-sue letter before bringing civil suit. *See id.* at 63. Moreover, while Title VII and ADA claimants must wait up to 180 days after filing an EEOC claim before filing suit, ADEA claimants need only wait 60 days. *See* 29 U.S.C. § 626(d); *Oscar Mayer &*

---

**4.** It should be noted that, although plaintiff filed his complaint with the EEOC on November 25, 2000, he did not receive a right-to-sue letter until September 27, 2001, more than five months in excess of the statutorily proscribed timeline of 180 days. *See* 42 U.S.C. § 2000e–5(f)(1).

**5.** The Sixth Circuit has indicated that the appropriate time for a defendant to raise the argument that plaintiff prematurely filed suit prior to receiving a "right-to-sue" letter is between the plaintiff's filing of the lawsuit and his receipt of the letter. *See Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d at 310.

*Co. v. Evans,* 441 U.S. 750, 756, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979); *Whalen v. W.R. Grace & Co.,* 56 F.3d 504, 506 (3d Cir.1995); *Seredinski,* 776 F.2d at 63. The shorter time period reflects Congress' intent to allow ADEA grievants, who are older and have relatively few productive years left, earlier and freer access to federal courts than Congress has allowed to Title VII grievants. *See Oscar Mayer & Co.,* 441 U.S. at 757, 99 S.Ct. 2066; *Solimino v. Astoria Federal Savings and Loan Assn.,* 901 F.2d 1148, 1152 (2nd Cir.1990).

Plaintiff filed a timely complaint with the EEOC on November 25, 2000. It was not until April 2, 2001, well after the sixty-day waiting period required by § 626(d), that plaintiff filed a writ of summons with the Court of Common Pleas of Northampton. Thus, plaintiff adequately exhausted his administrative remedies in regards to his ADEA claim. Lehigh's motion to dismiss this claim is without merit and is hereby denied.

**PHRA claim**

■ Defendants argue that Count V of plaintiff's amended complaint should be dismissed for failure to exhaust administrative remedies. They specifically contend that Tlush did not exhaust his administrative remedies because he failed to wait one year before presenting his PHRA claim to the court of common pleas. Additionally, defendants argue that plaintiff's demand for a jury trial under the PHRA must be stricken because the Pennsylvania Supreme Court has held that claimants are not entitled to jury trials under the PHRA. Tlush argues that he has exhausted his administrative remedies under the PHRA because more than one year has expired since he filed his PHRA claim.

■ A plaintiff who wishes to bring a PHRA claim in civil court must first file an administrative complaint with the PHRC. *See Woodson v. Scott Paper Co.,* 109 F.3d 913, 925 (3d Cir.1997). A complaint need not be filed directly with the PHRC, and the transmittal of the EEOC complaint to the PHRC constitutes a filing of a verified complaint with the PHRC. *See Lukus v. Westinghouse Elec. Corp.,* 276 Pa.Super. 232, 419 A.2d 431, 452 (1980). Plaintiffs who fail to exhaust administrative remedies with the PHRC are barred from judicial remedies under the PHRA. *See id.*

■ 43 P.S. § 962 governs the procedural requirements for bringing PHRA claims, and grants the PHRC exclusive jurisdiction over claims for a period of one year, in order to investigate and, if possible, conciliate the claims. 43 P.S. § 962(c)(1). *See Burgh v. Borough Council of the Borough of Montrose,* 251 F.3d 465, 471 (3d Cir.2001); *Clay v. Advanced Computer Applications, Inc.,* 522 Pa. 86, 559 A.2d 917, 920 (1989) ("[t]he legislative history of section 962(c) shows that the Legislature intended that the PHRC should have exclusive jurisdiction of a complaint alleging violations under the PHRA for a period of one year"). No right-to-sue letter is required in connection with PHRA claims and, after the expiration of one year, a complainant may bring suit regardless of whether or not he has received a letter from the PHRC. *See Burgh,* 251 F.3d at 471.

The Pennsylvania Supreme Court has explicitly held that a discharged employee cannot file a PHRA claim in the judicial system without first exhausting administrative remedies. *See Clay,* 559 A.2d at 919. Applying this binding interpretation of state law, courts in this district have consistently dismissed PHRA claims filed prior to the expiration of the PHRC's one-year exclusive jurisdiction period. In *Lyons v. Springhouse Corp.,* the court dismissed a PHRA claim, holding that the plaintiff, who filed a civil action only six

months after having filed charges with the PHRC, had not exhausted his administrative remedies. *See Lyons*, 1993 WL 69515 at *3 (E.D.Pa. March 10, 1993); *see also, Nicholls v. Wildon Indus., Inc.*, 1999 WL 1211656 (E.D.Pa. Dec.10, 1999) (dismissing plaintiff's PHRA claim for failing to wait a full year prior to filing a writ of summons in the Common Pleas Court).

In *Kozlowski v. Extendicare Health Servs., Inc.*, the plaintiff filed her initial civil complaint just over five months after filing her administrative complaint with the PHRC. *See Kozlowski*, 2000 WL 193502, *4 (E.D.Pa. Feb. 17, 2000). The court granted the defendants' motion to dismiss for failure to exhaust, holding that, in presenting her claim to the court prior to the expiration of one year, plaintiff "refused to give the PHRC the opportunity to resolve her complaint through conciliation and failed even to make a good faith attempt to exhaust her remedies as required by the PHRA." *Id. See also Walker v. IMS Am., Ltd.*, 1994 WL 719611 (E.D.Pa. Dec. 22, 1994). Furthermore, in *Atkinson v. Lafayette College*, although the court refused to dismiss plaintiff's PHRA claim when she filed suit a day before the required one-year period would have expired, the court explained, "[u]nlike the cases defendants urge the court to follow, plaintiff has not demonstrated lack of good faith use of the PHRA administrative procedures by, for example, filing her lawsuit months before the one-year period elapsed...." *Atkinson*, 2002 WL 123449, *3 (E.D.Pa. Jan. 29, 2002).

The record indicates that Tlush did not request that the EEOC dual-file his complaint with the PHRC until March 5, 2001. His complaint was thus considered filed with the PHRC on the date that it was transmitted to them, which could be no earlier than March 5, 2001. *See Lukus*, 419 A.2d at 452, Yet less than a month

later, on April 2, 2001, plaintiff filed a writ of summons with the Court of Common Pleas of Northampton, thereby commencing judicial action. Like the plaintiffs in *Lyons* and *Kozlowski*, and in contrast to the plaintiff in *Atkinson*, Tlush filed suit months before the one-year period of exclusive PHRC jurisdiction ended. For this reason, defendants' motion to dismiss plaintiff's PHRA claim for failure to exhaust administrative remedies is granted, and this claim is dismissed. In light of the dismissal of this claim, defendants' motion to dismiss or strike plaintiff's demand for a jury trial under the PHRA is moot.

### ORDER

**AND NOW**, on this day of July 2002, upon consideration of the filings of the parties, it is hereby **ORDERED** that:

(1) Defendant Lehigh University's Motion to Dismiss (Docket Entry # 12) is **GRANTED** with regard to Count V of the Complaint, alleging discrimination in violation of the PHRA, and **DENIED** with regard to Count II, alleging discrimination in violation of the ADA, Count III, alleging age discrimination in violation of the ADEA, and Count IV, alleging retaliation in violation of the ADA;

(2) Defendant Lehigh's Motion to Dismiss (Docket Entry # 3) is **DENIED** as moot.

(3) Defendant MRC's Motion to Dismiss (Docket Entry # 5-1) is **GRANTED** with regard to Count V of the Complaint, alleging discrimination in violation of the PHRA, and **DENIED** with regard to Count II, alleging discrimination in violation of the ADA, and Count IV, alleging retaliation in violation of the ADA;

(4) Defendant MRC's Motion to Strike Plaintiff's Demand for a Jury Trial

(Docket Entry # 5–2) is **DENIED** as moot.

(5) Defendant MRC's Motion for More Definite Statement (Docket Entry # 5–3) is **DENIED**.